

UNITED STATES DISTRCT COURT
EASTERN DISTRCT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>CONNIE BOBO, )<br>)<br>Defendant. ) | 4:23CR578 AGF/RHH |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, unless otherwise specified below:

## INTRODUCTION

### I. Defendant Connie Bobo and Her Nonprofit Corporation

1. Defendant Connie Bobo ("Defendant") resided within the Eastern District of Missouri. Defendant served as the Executive Director of New Heights Community Resource Center ("New Heights").

2. New Heights was registered as a nonprofit corporation with the Missouri Secretary of State's Office by Defendant on September 10, 2016.

3. During her scheme to defraud, Defendant used New Heights to take millions of dollars from the State of Missouri that she agreed to spend on feeding low-income children, but that she instead spent on purchasing homes for family members, luxury goods, a new residence for herself, and a 2.2-million-dollar commercial real estate investment.

## II. Missouri's Food and Nutrition Programs for Children

4. The State of Missouri, through its Department of Health and Senior Services ("Missouri DHSS"), administered food and nutrition programs designed to provide nutritious meals to low-income Missouri children. To fulfill the mission of feeding low-income Missouri children, Missouri DHSS administered two programs: **(1)** the At-Risk, Afterschool Child Food Program, and **(2)** the Summer Food Service Program (collectively "Missouri's Food and Nutrition Programs for Children"). Both programs are funded by the United States Department of Agriculture. Missouri's Food and Nutrition Programs for Children provided funds for meals served to low-income, school-age students after school and during the summer, when school was not in session. The meals were served by schools and community-based organizations at hundreds of locations throughout Missouri.

5. Through Missouri's Food and Nutrition Programs for Children, Missouri DHSS paid reimbursements to nonprofits that provided qualifying meals to low-income children in Missouri. To qualify for those state meal reimbursements, nonprofits had to satisfy several requirements. Among those requirements, a Missouri nonprofit had to demonstrate proper management standards to ensure fiscal accountability. To satisfy that requirement, a nonprofit had to demonstrate to Missouri DHSS that the nonprofit was governed by a board which met regularly and had the authority to hire and fire the nonprofit's executive director. Missouri DHSS required that participating nonprofits, like New Heights, submit an annual management plan, which had to identify the nonprofit's board members by title, describe how often their board meets, and also provide meeting minutes for the nonprofit's board meetings.

6. As another requirement to receive reimbursements from Missouri's Food and Nutrition Programs for Children, nonprofits had to agree to use state meal reimbursement funds only in connection with the nonprofit's provision of meals to low-income children. Additionally, to qualify for state meal reimbursements, a nonprofit also had to submit regular budgets, which had to detail how the nonprofit would spend state meal reimbursement funds.

7. Under Missouri's Food and Nutrition Programs for Children, the nonprofit further had to provide Missouri DHSS with accurate reimbursement claims for the number of qualifying meals that the nonprofit served to low-income children. For a meal to be reimbursable under both programs, the meal had to include several specific items. Among those items that had to be included with every meal purportedly served by New Heights was an eight-ounce serving of fluid, white milk.

### COUNTS ONE–THREE
### (Wire Fraud: 18 U.S.C. § 1343)

**I. Defendant's Scheme to Defraud**

8. Beginning by at least on or about February 17, 2017, and continuing through at least on or about October 25, 2023, in the Eastern District of Missouri, and elsewhere, the defendant, **CONNIE BOBO**, with the intent to defraud, devised and intended to devise a scheme and artifice to defraud Missouri DHSS and to obtain money and property from Missouri DHSS by means of material false and fraudulent pretenses, representations, and promises, as described further herein.

**A. Defendant Represented that She Would Follow the Rules and Regulations of Missouri's Food and Nutrition Programs for Children.**

9. It was part of the scheme and artifice to defraud that, on or about February 17, 2017, Defendant—on behalf of New Heights and within the Eastern District of Missouri—signed a

3

contract with Missouri DHSS. In that food and nutrition program contract, Defendant represented that she would to "comply with and meet all applicable responsibilities and requirements set forth in 7 CFR Part 226." As the regulations that Defendant agreed to follow make clear, for a meal to be reimbursable, that meal must contain at least eight ounces of fluid, white milk. Also, as part of Defendant's contract with Missouri DHSS, she agreed that New Heights would have "a governing board which meets regularly and has the authority to hire and fire the institution's executive director." Additionally, Defendant agreed that all "reimbursement funds [would be] used solely for the conduct of the food service operation, or to improve the food service operation, principally for the benefit of enrolled [children]."

### B. Defendant Submitted Fraudulent Management Plans for New Heights in Order to Obtain Millions of Dollars in State Meal Reimbursement Funds.

10. It was further part of the scheme and artifice to defraud that Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted false and fraudulent annual management plans to Missouri DHSS. As noted above, New Heights had to submit a management plan to Missouri DHSS every year, and that plan had to demonstrate that New Heights had a governing board that had the authority to fire the nonprofit's executive director (Defendant Connie Bobo). Defendant further had to detail in each management plan the procedure that New Heights used to make non-food purchases in excess of $5,000. As part of the scheme and artifice to defraud:

### i. Defendant Made False Representations About the Purported New Heights Board.

11. On or about September 14, 2018, in the annual management plan for New Heights, Defendant falsely and fraudulently represented to Missouri DHSS that A.C.F. served as the

4

President of the New Heights governing board. In truth and fact, however, A.C.F. did not serve in any capacity on any board for New Heights. In addition, Defendant also falsely and fraudulently represented in that annual management plan that A.C.F. presided over New Heights board meetings every month, excluding November and December. In truth and fact, however, A.C.F. never once presided over a New Heights board meeting.

12. On or about September 23, 2019, Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted, via interstate wiring (*i.e.*, an email from Defendant's Gmail account), another false and fraudulent annual management plan to Missouri DHSS. Much like the prior year's annual management plan, Defendant once again falsely and fraudulently represented to Missouri DHSS that A.C.F. continued to serve as the President of the New Heights governing board.

13. Further, Defendant falsely and fraudulently represented in the September 23, 2019 management plan that D.H. and A.C. also served on the New Heights governing board. In truth and fact, however, neither D.H. nor A.C. served in any capacity on any New Heights board. Accompanying that annual New Heights annual management plan, Defendant also submitted false and fraudulent meeting minutes to Missouri DHSS, purportedly from a New Heights board meeting that A.C.F. presided over on or about August 17, 2019. In truth and fact, however, A.C.F. never presided over that—or any other—New Heights board meeting.

14. On or about August 9, 2021, Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted, via interstate wiring (*i.e.*, an email from Defendant's Gmail account), a false and fraudulent annual management plan to Missouri DHSS. Much like the prior annual management plans, Defendant once again falsely and fraudulently

5

represented to Missouri DHSS that A.C.F. continued to serve as the President of the New Heights governing board.

15. Further, in the August 9, 2021 management plan, Defendant falsely and fraudulently represented that A.C. also served on the New Heights governing board. Accompanying that annual New Heights management plan, Defendant once again submitted to Missouri DHSS false and fraudulent meeting minutes, purportedly from a New Heights board meeting that A.C.F. presided over on or about June 19, 2021. In truth and fact, however, A.C.F. never presided over that—or any other—New Heights board meeting.

16. On or about August 10, 2021, Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted a final false and fraudulent annual management plan to Missouri DHSS. Much like the previous annual management plans for New Heights, Defendant once again falsely and fraudulently represented to Missouri DHSS that A.C.F. continued to serve as the President of the New Heights governing board. In addition to that material misrepresentation, that annual New Heights management plan once again falsely and fraudulently represented that A.C. also served on the New Heights governing board.

### ii. Defendant Made False Representations About Her Purchase of Personal Residences, Commercial Real Estate, and Luxury Goods Using State Funded Meal Reimbursements.

17. In each of the New Heights management plans that she submitted to Missouri DHSS between 2018 and 2022, Defendant did not disclose the millions of dollars in state meal reimbursement funds that she unlawfully spent on impermissible purchases, including personal residences, commercial real estate, and luxury goods. As noted above, New Heights was required to disclose—in each annual management plan—the procedures that the nonprofit used when

6

making non-food purchases over $5,000. In every New Heights management plan submitted by Defendant, she falsely asserted that New Heights does not make non-food "purchases in excess of $5000." In truth and fact, however, Defendant used state meal reimbursement funds, which were paid to New Heights, to make the following purchases, well in excess of $5,000:

| Purchase Date | Property Purchased by Defendant with State Meal Reimbursement Funds | Reimbursement Funds Used to Purchase |
|---|---|---|
| 9/11/2020 | 288 Strayhorn Drive, St. Peters, MO 63376 | $271,267.77 |
| 10/7/2020 | 522 Sgt Pepper Drive, St. Peters, MO 63376 | $334,159.17 |
| 12/7/2020 | 418 Villa Blanc Court, O'Fallon, MO 63366 | $240,964.00 |
| 4/14/2021 | 2 Depaula Trails, Saint Charles, MO 63301 | $310,638.22 |
| 5/17/2021 | 12567 Natural Bridge Road, Bridgeton, MO 63044 | $1,752,393.40 |
| 5/17/2021 | 12575 Natural Bridge Road, Bridgeton, MO 63044 | $486,570.60 |
| 9/3/2021 | 1876 Spring Mill Creek, St Charles, MO 63303 | $971,500.33 |
| | | **Total: $4,367,493.49** |

18. Not only did Defendant use state meal reimbursement funds to purchase the seven above-referenced properties for a total of $4,367,493.49, but she also provided $1,398,001.68 in state meal reimbursement funds to her romantic partner, H.H., who used $211,907.13 of those dollars to purchase a 2017 Mercedes-Benz G550 Wagon 4x4 Squared, VIN WDCYC5FF3HX269710.

### C. In Order to Receive Millions in State Meal Reimbursement Funds, Defendant Also Submitted Fraudulent New Heights Budgets to Missouri DHSS.

19. It was further part of the scheme and artifice to defraud that, in each New Heights budget that Defendant submitted to Missouri DHSS between 2018 and 2022, she did not disclose the millions of dollars in state meal reimbursement funds that she would unlawfully spend on impermissible purchases, including personal residences, commercial real estate, and luxury goods. As part of the scheme and artifice to defraud:

20. On or about September 20, 2019, Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted, via interstate wiring (*i.e.*, an email from Defendant's Gmail account), a fraudulent budget to Missouri DHSS. In that budget, Defendant was required to detail how New Heights would spend state meal reimbursement funds during the following fiscal year (running from October 1, 2019, through September 30, 2020). But Defendant did not disclose that she would use $271,267.77 in state reimbursement funds—which were supposed to go to feeding low-income children—to purchase a home (located at 288 Strayhorn Drive, St. Peters, MO 63376) for her sister on or about September 11, 2020.

21. Also, on or about August 9, 2021, Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted another fraudulent budget to Missouri DHSS. In that budget, Defendant was required to detail how New Heights would spend state meal reimbursement funds during August and September 2021. But Defendant did not disclose that, less than a month later, on or about September 3, 2021, she would use $971,500.33 in state reimbursement funds—which were supposed to go to feeding low-income children—to purchase a new home for herself, located at 1876 Spring Mill Creek, St Charles, MO 63303.

**D.  Defendant Submitted Fraudulent Meal Reimbursement Claims for Millions of Meals that New Heights Never Served.**

22. It was further part of the scheme and artifice to defraud that, between in or about January 2019 and in or about January 2022, Defendant—on behalf of New Heights and within the Eastern District of Missouri—electronically submitted false and fraudulent meal reimbursement claims to Missouri DHSS. Defendant submitted these false and fraudulent meal reimbursement claims so that she could take millions of dollars from Missouri's Food and Nutrition Programs for Children that she was not entitled to receive. As part of the scheme and artifice to defraud:

23. Defendant fraudulently submitted meal reimbursement claims to Missouri DHSS for meals that New Heights never purchased or served. Between in or about January 2019 and in or about January 2022, Defendant falsely represented that New Heights served a total of nearly 6 million reimbursable meals to impoverished children, when—in truth and fact—New Heights only purchased enough food and milk to serve less than half of those meals. Based on Defendant's material misrepresentations in her fraudulent reimbursement claims, Missouri DHSS paid her approximately $11 million dollars that Defendant was not entitled to receive.

24. Based on the material misrepresentations that Defendant made to Missouri DHSS throughout her scheme to defraud, Missouri DHSS wired a total of $19,748,071.39 to Defendant's First Community Credit Union bank account (account number ending in 9711).

## II. Wire Transmissions

25. On or about the dates set forth below, within the Eastern District of Missouri, for the purpose of executing the above-described scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**CONNIE BOBO,**

the defendant herein, did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, or sounds, to wit:

| Count | Date | Wire Description |
|---|---|---|
| 1 | 9/20/2019 | Defendant emailed Missouri DHSS a budget, which did not disclose that Defendant would use state meal reimbursement funds to purchase a home for her sister. |
| 2 | 9/23/2019 | Defendant emailed Missouri DHSS an annual management plan, which listed fictitious New Heights board members. |

9

| 3 | 8/9/2021 | Defendant emailed Missouri DHSS a budget, which did not disclose that Defendant would use state meal reimbursement funds to purchase a new home for herself. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR
### (Aggravated Identity Theft: 18 U.S.C. § 1028A)

26. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

27. On or about September 23, 2019, in the Eastern District of Missouri, the defendant,

**CONNIE BOBO,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of A.C.F., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person, to wit, the defendant submitted an annual management plan to Missouri DHSS, which falsely listed A.C.F. as the New Heights Board President.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIVE
### (Aggravated Identity Theft: 18 U.S.C. § 1028A)

28. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

29. On or about September 23, 2019, in the Eastern District of Missouri, the defendant,

**CONNIE BOBO,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of A.C., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c),

to wit, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person, to wit, the defendant submitted an annual management plan to Missouri DHSS, which falsely listed A.C. as a New Heights Board Member.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIX
## (Aggravated Identity Theft: 18 U.S.C. § 1028A)

30. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

31. On or about September 23, 2019, in the Eastern District of Missouri, the defendant,

**CONNIE BOBO,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of D.H., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person, to wit, the defendant submitted an annual management plan to Missouri DHSS, which falsely listed D.H. as a New Heights Board Member.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SEVEN
## (Obstruction of an Official Proceeding: 18 U.S.C. § 1512(c)(1))

32. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

33. On or about July 26, 2023, in the Eastern District of Missouri, the defendant,

**CONNIE BOBO,**

did corruptly alter, destroy, mutilate, and conceal a document and attempted to do so with the

11

intent to impair the document's integrity and availability for use in an official proceeding, to wit, in response to a federal grand jury subpoena, Defendant produced a forged copy of an invoice that she had originally received from V.A.S.P. (a food vendor) but then fraudulently altered by falsely including in the invoice the purchase of 300 gallons of reimbursable milk under Missouri's Food and Nutrition Programs for Children that Defendant never actually purchased.

All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT EIGHT
## (Obstruction of an Official Proceeding: 18 U.S.C. § 1512(c)(2))

34. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

35. On or about July 26, 2023, in the Eastern District of Missouri, the defendant,

**CONNIE BOBO,**

did corruptly obstruct, influence, and impede, and did attempt to corruptly obstruct, influence, and impede, an official proceeding, to wit, in response to a federal grand jury subpoena, Defendant created and then produced forged invoices purportedly from V.A.S.P. (a food vendor), which falsely included purchases of hundreds of gallons of reimbursable milk under Missouri's Food and Nutrition Programs for Children that Defendant never actually purchased.

All in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## FORFEITURE ALLEGATION

The Grand Jury further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One through Three, the defendant shall forfeit to the United States of America any property

constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1512(c)(2) as set forth in Counts Seven and Eight, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. A property located at 288 Strayhorn Drive, St. Peters, MO 63376;
   b. A property located at 418 Villa Blanc Court, O'Fallon, MO 63366;
   c. A property located at 2 Depaula Trails, Saint Charles, MO 63301;
   d. A property located at 1876 Spring Mill Creek, St Charles, MO 63303;
   e. A property located at 12575 Natural Bridge Road, Bridgeton, MO 63044;
   f. A property located at 12567 Natural Bridge Road, Bridgeton, MO 63044; and
   g. A 2017 Mercedes-Benz G550 Wagon 4x4 Squared, VIN WDCYC5FF3HX269710.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney