UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CR-00578-AGF-RHH ) |
| CONNIE BOBO, | ) ) |
| Defendant. | ) ) ) ) |

**UNITED STATE OF AMERICA'S MOTION FOR ENTRY OF A
PROTECTIVE ORDER GOVERNING DISCOVERY**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, and, pursuant to Federal Rule of Criminal Procedure 16(d), moves for the entry of a protective order, and in support thereof states as follows:

1.  The Indictment in the above-captioned matter charges Defendant Connie Bobo with wire fraud, aggravated identity theft, and obstruction of an official proceeding. *See* Doc. 2.

2.  The discovery in this case contains sensitive information, namely personal identifiable information of Defendant, other possible participants in the scheme, and the victims (collectively "PII").  The PII includes names, dates of birth, social security numbers, addresses, telephone numbers, personal email addresses, bank account numbers, personal identification numbers or PINs, and mobile banking usernames and passwords.  The discovery material is too voluminous to redact all such PII.  The unrestricted dissemination of this PII could adversely affect the privacy interests of third parties.

3. Federal Rule of Criminal Procedure 16(d)(1) provides that the Court may regulate discovery through the entry of a protective order, allowing the Court "[a]t any time," and upon a showing of "good cause," to "deny, restrict, or defer discovery or inspection[.]" Fed. R. Crim. P. 16(d).

4. Wherefore, to protect the privacy interests of third parties, the United States requests that a Protective Order be entered limiting disclosure of all discovery pursuant to the following restrictions:

    a. The disclosed materials (discovery) will not be disseminated or disclosed to anyone who is not a part of the defense team, as more fully described below.

    b. The disclosed materials (discovery) and information contained therein will not be used for any purpose other than in the defense of this pending criminal case.

    c. Upon completion of the case, the materials and information will either be destroyed or sealed to prevent any future disclosure.

5. The United States further requests that the Protective Order limit who may obtain, review, and/or examine the materials so described under the conditions set forth, for the sole purpose of preparing the defense and for no other purpose to the following individuals (the defense team):

    a. Counsel for Defendant;

    b. Defendant;

    c. Secretarial, clerical, paralegal, investigator, students, or other personnel employed full-time or part-time by Defendant's counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

    d.  Experts or consultants who have been retained by Defendant for the purpose of assisting to conduct these actions or who are being considered as personnel who may provide services to assist in the defense of this litigation;

    e.  Electronic discovery vendors engaged to host Confidential Discovery Materials for any party hereto;

    f.  Fact witnesses at trial or in preparation for their testimony, provided that Defendant's counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order; and

    g.  Other persons, upon order of this Court or upon stipulation by the United States and any affected Defendant whose specific consent to disclosure was obtained by the Government before it furnished discovery pertaining to that Defendant to any other Defendant.

  9.  The United States further requests that the Protective Order provide that any disputes concerning the Protective Order be resolved by this Court only after counsel for the United States and Defendant have first conferred and attempted to resolve the dispute.

  10.  The United States has discussed the need for this Motion with defense counsel, and counsel does not object to issuance of the proposed Protective Order.

  WHEREFORE, the United States respectfully moves this Court to enter a Protective Order limiting the disclosure and usage of the discovery in this case.

            Respectfully submitted,

            SAYLER A. FLEMING
            United States Attorney


            */s/ Derek J. Wiseman*
            DEREK J. WISEMAN, #67257MO
            Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

/s/ Derek J. Wiseman
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney