UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23 CR 578 AGF/JSD ) |
| CONNIE BOBO, | ) ) |
| Defendant. | ) |

**ORDER OF REVOCATION OF RELEASE
AND DETENTION AFTER A HEARING
ON A PETITION TO REVOKE PRETRIAL RELEASE**

On Tuesday, September 03, 2024, Defendant and all counsel appeared before this Court for a hearing on the United States of America's Motion to Revoke Bond [ECF No. 53] and Supplement to the Motion to Revoke Bond. [ECF N. 60] Pursuant to 18 U.S.C. § 3148, the Court makes the following findings:

In an eight-count Indictment, Defendant is charged with wire fraud (Counts One-Three), aggravated identity theft (Counts Four-Six), and obstruction of an official proceeding (Counts Seven and Eight). [ECF No.1] On October 30, 2023, the Court released Defendant on her own personal recognizance, pursuant to several conditions of release. [ECF No. 16] On November 15, 2023, the Court specifically added the following conditions of release: (1) Defendant was permitted to continue operating Great Beginnings daycare as long as she did not have access to any third-party personal identifying or financial information; and (2) Defendant was to notify her daycare clients of the nature of her pending criminal case. [ECF No. 26] On April 24, 2024, the Court held a bond status hearing in response to Pretrial Services' Petition for Action on Conditions of Pretrial Release that Defendant had violated the conditions of her release by failing to, among other things, properly notify clients of the nature of the instant criminal case. [ECF No. 43] To resolve issue, Defendant agreed, and the Court ordered, that she would no longer own, be employed by, or be involved in the daycare business. *Id*.

However, the government filed its Motion to Revoke Bond asserting that Defendant has violated conditions of her release. [ECF No. 53] Citing the Pretrial Release Violation – Status Hearing Memo dated August 10, 2024, the government's original Motion asserted that Defendant confessed to controlling the financial accounts for the daycare. *Id*. Based upon the government's claims, this Court issued its warrant and later set the matter for hearing. [ECF No. 54] On August 31, 2024, the government filed a Supplement related to Defendant's resistance to law enforcement when they appeared at her residence to arrest her on that warrant. [ECF No. 60]

At the revocation hearing, the parties proceeded by proffer, argument, and the brief testimony of Pretrial Services Officer Katherine D. Stephens. For its part, the government asked that Defendant's bond be revoked, citing her admission to Stephens that "she continues to not only have access to the daycare's financial accounts but also remains in control of these finances." [ECF

1

No. 49, p.2] The government also referenced her acknowledgment to Stephens that "she has continued her involvement in the daycare's finances because she cares about people." *Id*. Further, the government mentioned Defendant's previous violations showing that she is unable and unwilling to abide by the conditions imposed by this court. Moreover, the government pointed to the aforementioned actions by Defendant wherein she resisted arrest when law enforcement attempted to execute this Court's warrant. Additionally, Stephens credibly testified that there were not any other conditions that the Court could impose to address Defendant's violations related to daycare employment and access to financial information. Stephens also offered, without objection, that Defendant advised her by email that she had accepted a director's position at Winfield Children's Center.[1]

For her part, Defendant informed the Court that she understood that she was alleged to have violated the terms of pretrial release and that she had a right to a bond revocation hearing under 18 U.S.C. § 3148. Nevertheless, she argued that this Court should not revoke her bond. To be sure, she contended that Stephens misunderstood her characterization that she "controls" the financial accounts of the daycare.  She explained that her statement that she "controls" the financial accounts simply means that her name is on all the accounts. Additionally, Defendant understandably explained that her bond violations related to her nominal association with the lease, the daycare, and the daycare's related business, from which she legally was unable to extricate herself until recently. She claimed that she no longer is linked to the business and can now properly abide by all conditions of her release. Regarding her actions in response to law enforcement's attempts to arrest her for this Court's warrant, Defendant asserted that she was scared at the time and needed time to prepare for going into custody.

However, based on the entire record, the Court finds that:

☐     There is probable cause to believe that the Defendant has committed a Federal, State, or local crime while on release.

or

☒     There is clear and convincing evidence that the Defendant violated the conditions of release noted above and discussed at the hearing.

and

☐     (A) Based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that the Defendant will not flee or pose a danger to the safety of any other person or the community.

or

---

[1] To the extent this email occurred after the drafting and filing of her violation memo [ECF No. 49], Stephens did not include this information in the memo and the government did not include it in their motion. Despite her failure to object, Defendant had not received any notice of this violation. Accordingly, the Court does not consider the violation herein.

☒ (B) The Defendant is unlikely to abide by any condition or combination of conditions of release.

Accordingly, as per 18 U.S.C. § 3148(a), the Court orders, adjudges, and decrees that:

1. The United States of America's Motion to Revoke Bond [ECF No. 53] and Supplement to the Motion to Revoke Bond [ECF N. 60] Motion oral motion to revoke bond are GRANTED; and,
2. Defendant's order of release is hereby revoked, and Defendant shall remain detained in the custody of the United States Marshal pending all further proceedings in this case.

Furthermore, pursuant to 18 U.S.C. § 3142(h) and (i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal in accordance with this Order.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of September, 2024.