# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-00578-AGF-1 |
| | ) | |
| CONNIE BOBO | ) | |

**MOTION FOR RECONSIDERATION OF REVOCATION OF RELEASE**

Ms. CONNIE BOBO, pursuant to 18 U.S.C. § 3148, respectfully moves this Court to reconsider its Order of Revocation of Release and Detention (ECF No. 65).

## I.  Relevant Procedural History

On October 25, 2023, a grand jury indicted Ms. Bobo of three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts One through Three); three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts Four through Six); and two counts of obstructing an official proceeding in violation of 18 U.S.C. § 1512(c)(1) (Counts Seven and Eight). (Indict., ECF No. 1.) On October 30, 2023, this Court released Ms. Bobo on a personal recognizance bond, with conditions. (Order Set. Cond. Rel., ECF No. 16.)

On November 15, 2023, this Court amended the conditions of Ms. Bobo's release, adding the following:

1

> • Defendant is permitted to continue operating Great Beginnings daycare as long as she does not have access to any third-party personal identifying or financial information (including children's information, prospective or current client's information, and employee's information). Defendant's access and responsibilities regarding third-party personal identifying and financial information will be completely removed and delegated to other employees, and Defendant is required to notify her employees of the nature of the pending criminal case and the restrictions the Court has imposed pertaining to her employment as directed by the Pretrial Services Office.
>
> • Defendant will notify all clients of the nature of this pending criminal case by posting a notice in the Great Beginnings' client-facing mobile device application, on the business' website, and on the front door of the business location or as otherwise directed by Pretrial Services.

(Order, ECF No. 26.)

On April 24, 2024, this Court conducted a bond status hearing, primarily in response to Pretrial Services' Petition for Action on Conditions of Pretrial Release, alleging that Ms. Bobo failed to properly notify clients of the nature of the instant criminal case. (Tr., Status Hr'g, ECF No. 61.) This Court, at that hearing, ordered that Ms. Bobo would no longer be permitted by the Court to work for Great Beginnings daycare. (*Id*. at 28.)

On August 15, 2024, the Government filed a Motion to Revoke Bond, alleging that Ms. Bobo confessed to controlling the financial accounts for the daycare. (ECF No. 53.) On August 31, 2024, the Government filed a Supplemental Motion to Revoke Bond, alleging Ms. Bobo's resistance to law enforcement at her arrest. (ECF No. 60.)

On September 3, 2024, this Court held a hearing on bond revocation. (Min. ECF No. 63.) On September 4, 2024, this Court issued an Order of Revocation of Release and Detention after a Hearing on a Petition to Revoke Pretrial Release, finding "clear and convincing evidence that the Defendant violated the conditions of release" and that "[t]he Defendant is unlikely to abide by any condition or combination of conditions of release." (ECF No. 65 at 3–4.)

On April 15, 2025, this Court granted Ms. Bobo leave to request reconsideration of its revocation order. (Min., ECF No. 88.)

**II.     Factual Assertions**

Ms. Bobo's incarceration has caused significant difficulties in communicating with her attorneys of record. Given the complex and detailed nature of the case, there is voluminous physical discovery. Release from custody would grant Ms. Bobo the opportunity to physically review evidence with her attorneys and to prepare her defenses for trial.

Furthermore, Ms. Bobo is a lifelong resident of St. Louis, her entire immediate and extended family all reside in the area, and she has surrendered her passport to pretrial services. Ms. Bobo is an active member of her community and has positively impacted the lives of many.

Moreover, due to her current incarceration, Ms. Bobo no longer maintains business operations, which her sister and another individual have taken over.

## III. Argument and Citation of Authority

Ms. Bobo respectfully requests that this Court reconsider its order and release her from custody pending trial. The relevant portion of 18 U.S.C. § 3148 provides that:

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . (1) finds that there is . . . (B) clear and convincing evidence that the person has violated any other condition of release; and . . . (2) finds that . . . (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (1) & (2).

Courts review orders of this kind *de novo.* "[T]he same standard of review governs an appeal from an initial detention decision and a decision to revoke pretrial release." *United States v. Wilks*, 15 F.4th 842, 847 (7th Cir. 2021), citing *United States v. Welsand*, 993 F.2d 1366, 1367 (8th Cir. 1993) (reviewing the district court's findings of fact under the clearly erroneous standard, and its ultimate § 3143(a) conclusion *de novo*). Upon review of the 18 U.S.C. § 3148 factors, Ms. Bobo respectfully submits that there are grounds for this Court to release her pending trial.

### a. No Clear and Convincing Evidence of Violations

First, there is no clear and convincing evidence that Ms. Bobo violated her condition of release. Specifically, this Court seemingly endorsed the Government's position that Ms. Bobo "continues to not only have access to the

4

daycare's financial accounts but also remains in control of these finances." Order, ECF No. 65.

However, as Ms. Bobo submitted, her statement that she "controls" the financial accounts simply means that her name is on all the accounts, as opposed to actually having meaningful control over them. *Id*. at 2. As this Court is aware, Ms. Bobo sold the business to her sister in March 2024. But the transition process could not be completed overnight; rather, it took time to work with various parties, such as banks and the lessor, to facilitate the transition. So, it would defy common sense for Ms. Bobo to entirely withdraw from the transition process immediately after the sale, especially when she wanted the daycare to continue to serve the families and children in the community, to which she had been dedicated for decades. This holds particularly true when considering that the sale occurred mere months after the November 2023 amendment of conditions. Ms. Bobo worked as fast as she could to comply with this Court's Order, but the logistical realities of transferring business ownership are slow-moving.

For example, First Community Credit Union refused to remove Ms. Bobo's name from the daycare's account until receiving an updated tax identification letter, which Ms. Bobo requested in early March 2024, but did not receive until August 2024. As a result, Ms. Bobo's name remained on the banking account, despite her honest and diligent request to remove herself,

5

because the name-removal fell within the bank's discretion and was out of her control.

Furthermore, due to Ms. Bobo's indictment, Chase Bank closed its $26,000 credit line for the daycare. While the daycare applied for a $242,000 grant from the State funds, after receiving the first disbursement and obtaining approval for the second, the daycare was informed that it was no longer eligible for the grant because of the instant criminal prosecution. Facing a challenging financial situation that could cripple the business, Ms. Bobo made every effort, including using her own personal credit cards to provide funds, to ensure the daycare continued to serve the community. So, while Ms. Bobo's name was on the credit cards used to keep the business afloat, she was merely trying to save it, not exercise control over its finances. In fact, the daycare's operation and finances, since the sale, have been managed entirely by Ms. Bobo's sister and another individual. Ms. Bobo no longer has access.

To be clear, while taking necessary steps to help with the transition of ownership and funding the daycare, Ms. Bobo carefully prevented herself from accessing third-party personal identifying or financial information such as children's information, prospective or current client's information, and employee's information, all in compliance with the conditions of release. Order, ECF No. 26. Most importantly, Ms. Bobo submits that, since the transition has essentially been completed, her name is no longer listed in the

6

daycare's accounts, and that she now could properly abide by all conditions of release.

Next, the Government also contended that Ms. Bobo violated the conditions of her release by resisting law enforcement at the time of her arrest. It must be clarified that, unlike most defendants who resist arrest, Ms. Bobo never resisted law enforcement with force. When law enforcement went to her residence to arrest her, she did not comply immediately, only because she was terrified and needed time to prepare for going into custody. The reaction to law enforcement coming to her door was one of unthinking fear, not a conscious desire to resist the law.

Finally, it is curious that this Court considered Ms. Bobo's "previous violations." Order, ECF No. 65. A careful review of the records reveals that at the April 24, 2024, bond status hearing, this Court clearly erred in finding violations. For example, this Court criticized that Ms. Bobo has been "not exactly compliant" simply because she notified the Pretrial Services about the daycare business sale by leaving a voice message instead of directly talking with the Pretrial Services Officer. Tr., Status Hr'g 22, ECF No. 61. While the Court's ambiguous comment of Ms. Bobo's being "not exactly compliant" may or may not constitute a finding of violation, in no way should such previous incidents, which apparently did not rise to the level of a violation, be characterized as "previous violations" when determining whether to revoke her bond here.

7

### b.      Likelihood of Abiding by Conditions of Release

Ms. Bobo is eager and likely to abide by any conditions of release. However, in its Order revoking bond, this Court found no conditions that it could impose to address Ms. Bobo's violations related to daycare employment and access to financial information, almost entirely relying on the personal opinion offered by Pretrial Services Officer Katherine D. Stephens. Order, ECF No. 65. Notably, Ms. Stephens is no longer Ms. Bobo's Pretrial Services Officer and no longer works as a U.S. Probation Officer. This Court did not include any specific reasoning in its Order as to how and why it concluded that Ms. Bobo was unlikely to abide by any combination of conditions of release. Order, ECF No. 65.

Indeed, Ms. Bobo unequivocally expressed her willingness to work with the new Pretrial Services Officer to comply with any conditions of release imposed by this Court. This holds particularly true when considering that she has completed the daycare sale and transition to new ownership, and, accordingly, the Court's concern regarding her name being listed on the business's accounts likely is resolved.

### c.      No Flight Risk or Danger to Community

Ms. Bobo is neither a flight risk nor a danger to the community.

Specifically, Ms. Bobo has no criminal history before the instant prosecution. The criminal charges in this case against her do not involve any

violence or controlled substances, indicating no physical danger to the community. During her approximately one year of pretrial release, Ms. Bobo did not violate any conditions before this revocation. Ms. Bobo's family supported her during the prosecution and will continue to do so, as evidenced by their attendance at court proceedings detailed in the attached supporting letters. *See* Ex. A, Supporting Letters.

Moreover, as a forty-six-year-old St. Louis native, Ms. Bobo has extensive community ties. She comes from a family of service and love. The majority of her family has either served in the military, the medical field, or in education.

Most importantly, Ms. Bobo has been dedicated to serving children and families in the community for almost three decades, since she was seventeen years old. Ms. Bobo worked as a Court Appointed Special Advocate for St. Louis County and served as a kinship foster care parent for a child in the Children's Division's custody. She also worked in residential treatment for emotionally disturbed youth for four years.

Furthermore, Ms. Bobo is an active member of St. Louis County Chamber of Commerce, National Association for the Advancement of Colored People (NAACP), National Association for the Education of Young Children (NAEYC), and National Council of Negro Women (NCNW). She also proudly contributed to the "Welfare to Work" Initiative from 2000 to 2001, where she assisted twenty-seven women on welfare in starting licensed home-based

child care programs, helping them transition from government assistance programs to entrepreneurship.

From the above, it is clear that Ms. Bobo has worked diligently to build a legacy of love and has had (and will continue to have) a positive impact on the community. In light of her dedication to her community, it is also naturally understandable why she made every effort to keep the daycare operating, despite the lengthy transition time during which she was unable to immediately extricate herself from all accounts and the lease. As such, in no way could Ms. Bobo be deemed a flight risk or a danger to the community.

### IV.   Conclusion

Ms. Bobo, based on the foregoing assertions and argument, prays that this Court grant her relief by reconsidering its Order of Revocation of Release and Detention and grant her release pending trial.

Date:        May 20, 2025

        Respectfully submitted,

        ***s/ Katryna Lyn Spearman***
        Katryna Lyn Spearman, Esq.
        616038 (GA)
        kspearman@lowtherwalker.com

        ***s/ Serguel Mawuko Akiti***
        Serguel Mawuko Akiti, Esq.
        1631134 (D.C.)
        sakiti@lowtherwalker.com

        ***s/ Murdoch Walker II***
        Murdoch Walker II, Esq.
        163417 (GA)
        mwalker@lowtherwalker.com

        Lowther | Walker LLC
        101 Marietta St. NW, Ste. 3650
        Atlanta, GA 30303
        O 404.496.4052
        F 866.819.7859
        www.lowtherwalker.com

        Attorneys for Defendant
        Connie Bobo

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-00578-AGF-1 |
| | ) | |
| CONNIE BOBO | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I electronically filed the foregoing MOTION FOR RECONSIDERATION OF REVOCATION OF RELEASE with the Clerk of the United States District Court for the Eastern District of Missouri by way of the CM/ECF system, which automatically will generate a notice of electronic filing and serve this document on the attorneys of record for the parties in this case by electronic mail.

Date: May 20, 2025

Respectfully submitted,

***s/ Katryna Lyn Spearman***
Katryna Lyn Spearman, Esq.
616038 (GA)
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052
F 866.819.7859
www.lowtherwalker.com

12