UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-CR-578-AGF |
| ) | |
| CONNIE BOBO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Connie Bobo's Motion for Reconsideration of Revocation of Release ("Motion for Reconsideration"; ECF No. 93), filed on May 20, 2025. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636. For the reasons stated herein, the Court will deny Defendant's Motion for Reconsideration.

## BACKGROUND

On or around October 25, 2023, a grand jury indicted Defendant with three counts of wire fraud under 18 U.S.C. § 1343 (Counts 1-3); three counts of aggravated identity theft under 18 U.S.C. § 1028A (Counts 4-6); and two counts of obstructing an office proceeding under 18 U.S.C. § 1512(c)(1) (Counts 7-8). (ECF No. 2) Specifically, Defendant is charged with executing a years-long fraud scheme during which she stole nearly $20 million dollars in taxpayer money that was supposed to be used to feed low-income Missouri children. *Id*. Defendant is further charged with obstruction of justice during the investigation of her crimes. *Id*.

On October 30, 2023, this Court released Defendant on a personal recognizance bond, with conditions. (ECF No. 16) On November 15, 2023, the Court amended Defendant's conditions of

1

release to allow Defendant to "continue operating Great Beginnings daycare as long as she does not have access to any third-party personal identifying or financial information." (ECF No. 26) Defendant also was required to post a notice regarding this criminal case to all Great Beginnings clients. *Id*. After pretrial services notified the Court that Defendant was not providing the appropriate notice regarding her case to third-parties (ECF No. 38), the Court held a hearing on April 24, 2024, whereby Defendant agreed that she would not be employed by or involved in the daycare business. (ECF No. 40) The Court officially entered the Petition for Action on Conditions of Pretrial Release, placing this restriction on Defendant's employment on April 26, 2024. (ECF No. 43)

On August 15, 2024, the United States filed a Motion to Revoke Bond (ECF No. 53), stating that Defendant recently confessed to her Pretrial Services Officer that she remained substantially involved in the daycare business, including the financial accounts. Thereafter, the Court ordered the Clerk of the Court to issue a warrant for Defendant's arrest. (ECF No. 54) On August 31, 2024, the Government filed a Supplemental Motion to Revoke Bond, alleging Defendant's resistance to law enforcement at the time of her arrest. (ECF No. 60) This Court held a final hearing on her bond revocation on September 3, 2024. (ECF Nos. 63-64) On that same date, the Court issued an Order of Revocation of Release and Detention after a hearing on a Petition to Revoke Pretrial Release (ECF No. 65), revoking her bond because there was clear and convincing evidence that Defendant had violated the conditions of release and she was unlikely to abide by any condition or combinations of conditions of release.

On May 20, 2025, Defendant filed a Motion for Reconsideration of Revocation of Release (ECF No. 93) United States of America filed a Response to Defendant's Motion for

Reconsideration on June 3, 2025. (ECF No. 94) This matter is fully briefed and ready for disposition.

For the reasons stated herein and for the reasons stated in the Court's Order of Revocation of Release and Detention (ECF No. 65), the Court denies Defendant's Motion for Reconsideration.

## LEGAL STANDARD

The parties agree that this Court reviews its prior determination under 18 U.S.C. §3148, which provides "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer— (1) finds that there is— (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that— (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release."

## DISCUSSION

Defendant claims that there is no clear and convincing evidence that she violated her condition of release. (ECF No. 93 at 4-5) Defendant contends that her purported violations of the conditions of release, particularly accessing the daycare's financial accounts and remaining in control of the daycare's finances, were due to her inability "to entirely withdraw from the transition process immediately after the sale, especially when she wanted the daycare to continue to serve the families and children in the community[.]" (ECF No. 93 at 5) That is, Defendant asserts that she sold the business to her sister in March 2024 but that the transition took time "despite her

3

honest and diligent request to remove herself[.]" (ECF No. 93 at 5) Nevertheless, Defendant maintains that she "carefully prevented herself from accessing third-party personal identifying or financial information … in compliance with the conditions of release. (ECF No. 93 at 6 (citing ECF No. 26)) Defendant claims that "since the transition [from her ownership of the daycare] has essentially been completed, her name is no longer listed in the daycare's accounts, and that now she could properly abide by all conditions of release." (ECF No. 93 at 6-7)

Defendant further clarifies that her previous violation for resisting arrest was premised upon her failure to immediately comply with law enforcement who came to her residence to arrest her. (ECF No. 93 at 7) Defendant avers that she was not willfully evading arrest but her reaction was "one of unthinking fear[.]" (ECF No. 93 at 7) Finally, Defendant asserts that the Court incorrectly found that Defendant was "not exactly compliant" when she left a message for her Pretrial Services Officer that she had sold the daycare, rather than communicating directly. (ECF No. 93 at 7)

As to her likelihood of abiding by conditions of release, Defendant contends that this Court did not include any specific reasoning in its Order to support its finding that she was unlikely to abide by conditions of release. (ECF No. 93 at 8 (citing ECF No. 65)) She stated that she would work with any new Pretrial Services Officer to comply with conditions imposed by this Court. (ECF No. 93 at 8)

Finally, Defendant states that she is not a flight risk or danger to the community. She stresses that has no criminal history prior to the instant prosecution. (ECF No. 93 at 8-9) She also emphasizes that the pending criminal charges do not involve drugs or violence and that she is a 46-year-old native St. Louisan, a history of service, and extensive ties to the community. (ECF

4

No. 93 at 9-10)

The Court, however, disagrees with Defendant's characterization of these events, finds that Defendant repeatedly violated the terms of her pretrial release, and reiterates that there are no conditions that will reasonably ensure the safety of the community.

Initially, although Defendant argued that she had no violations during her approximately one year of pretrial release (ECF No. 93 at 9), the record clearly reflects clear and convincing evidence that she incurred multiple violations related to her employment with the daycare and with access to financial information. Indeed, Defendant repeatedly admitted to such violations. As part of her first violation report, the Pretrial Services Officer noted that Defendant was substantially involved in the daycare's financial matters, including being the leaseholder for the daycare and making daycare payments on her personal credit card and repaying herself from the daycare account. (ECF No. 49 at 1-2) *See* Bond Violation Report, ECF No. 66 at 3-5 (detailing prior violations). During her second pretrial release violation hearing, Defendant did not dispute that she violated the condition of release prohibiting her from being "involved in the daycare business" but asserted that she was unable to extricate herself from the daycare business. (ECF No. 65 at 2) This Court ordered Bobo detained based upon her repeated bond violations, her refusal to surrender to arrest on her bond violation warrant, and her Pretrial Services Officer's credible testimony that there were no other conditions the Court could impose to protect the public from Defendant's fraud. *Id*.

Remarkably, Defendant's own Motion for Reconsideration admits these violations. (ECF No. 93) Defendant argued that she sold the daycare business but admitted that did not "entirely withdraw" from the business. Likewise, Defendant states that she used "her own personal credit

5

cards to provide funds, to ensure the daycare continued to serve the community." (*Id*. at 6)

Further, although Defendant now contends that she will abide by her bond conditions, her actions during the pendency of this action belie her promises of compliance. As previously discussed, Defendant repeatedly violated her bond conditions and engaged in activities that allowed her access to sensitive financial information. Further, contrary to Defendant's characterization that she was motivated by an "unthinking fear, not a conscious desire to resist" during her FBI arrest (ECF No. 93 at 7), police body cam footage shows that Defendant hid for more than two hours and later claimed that she was "looking for her book." (ECF No. 94 at 6-7)

Thereafter, this Court found that, based upon Defendant's repeated bond violations and falsehoods, Defendant's Pretrial Officer "credibly testified that there were not any other conditions that the Court could impose to address Defendant['s] violations related to daycare employment and access to financial information." (ECF No. 65 at 2) Defendant has offered no basis for this Court to reject or rethink its prior credibility determination that Defendant willfully and repeatedly violated her bond conditions and that she remains a threat to the public based upon her failure to extricate herself from the financial matters of the daycare. Thus, the Court again holds that Defendant is unlikely to abide by her conditions and denies reconsideration of its Order of Revocation of Release. *See* 18 U.S.C. §3148(b)(2)(B).

Finally, the Court finds that Defendant is also a danger to the community and a flight risk under 18 U.S.C. § 3142.[1] In her Motion for Reconsideration, Defendant focuses on the nonviolent nature of her offense, "indicating no physical danger to the community." (ECF No. 93 at 9) The Court, however, finds Defendant continues to present a danger to the community based upon her

---

[1] The Court did not address the Section 3142 factors in its Order of Revocation of Release (ECF No. 65) but will address these factors since they were mentioned in Defendant's Motion for Reconsideration (ECF No. 93)

6

extensive fraudulent behavior, whereby she allegedly took $20 million dollars in taxpayer funds earmarked for impoverished children during the COVID-19 pandemic. She likewise continued her deception during the investigation of her crimes and during her time on bond when she obfuscated her financial ties to the daycare, despite his Court's clear admonition to the contrary. Thus, the Court finds that Defendant's persistent refusal to refrain from participating in the daycare's finances, even while knowingly violating the terms of her bond and risking her opportunity for supervised release, demonstrates that she remains a danger to the community. Similarly, the Court finds that Defendant is a flight risk because of her potentially lengthy prison sentence, refusal to surrender to authorities executing a bond violation warrant, and her access to significant funds from her criminal activity. *See United States v. Cook*, 87 F.4th 920, 925 (8th Cir. 2023) (defendant's "serious risk of flight and nonappearance is obvious" where she faces a "potentially lengthy prison sentence if convicted" and "has not served a prison term before"); *United States v. Garcia*, No. 4:24-CR-00661-MTS, 2025 WL 1233856, at *3 (E.D. Mo. Apr. 29, 2025) ("Defendant likely faces a substantial prison sentence in this case, which demonstrates a heightened motivation to flee."); *Id*. ("Further, the facts surrounding Defendant's arrest for this offense demonstrate why he poses a risk of flight. Defendant's conduct during his arrest showed a flagrant disregard for following law enforcement commands."); *United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005) ("Relevant factors that support a serious risk finding include … efforts to avoid arrest, or hidden assets."). Thus, for this additional reason, the Court denies Defendant's Motion for Reconsideration and finds that she should remain detained.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Connie Bobo's Motion for Reconsideration of Revocation of Release (ECF No. 93) is **DENIED**.

 

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 24th day of June, 2025.