IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-00578-AGF-1 |
| | ) | |
| CONNIE BOBO | ) | |

**RESPONSE TO UNITED STATES OF AMERICA'S TRIAL BRIEF AND MOTIONS *IN LIMINE* FOR PRETRIAL DETERMINATIONS OF ADMISSIBILITY**

Ms. CONNIE BOBO respectfully responds to the United States of America's Trial Brief and Motions *in Limine* for Pretrial Determinations of Admissibility (ECF No. 106) as follows:

**I. Motion to Admit as Intrinsic, Relevant Evidence the Defendant's Failure to Report Fraud Proceeds as Income on her Federal Income Tax Returns**

    Ms. Bobo concurs.

**II. Motion to Preclude as Irrelevant and Prejudicial Evidence or Argument Regarding the USDA's COVID-19 Food Program Waivers**

    Ms. Bobo concurs.

**III. Motion to Preclude Defendant Bobo from Providing Unrebutted False Testimony or Argument That She Did Not Produce the Forged Invoices Charged in Counts Seven and Eight**

    Ms. Bobo does not intend to make false testimony or argument at trial.

1

Nonetheless, "[t]he principle that a defendant is presumed innocent, although not articulated in the Constitution, is 'the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'" *United States v. Harper*, 466 F.3d 634 (8th Cir. 2006) (quoting *Taylor v. Kentucky*, 436 U.S. 478 (1978)).

In the spirit of the presumption of innocence, Ms. Bobo submits that the Government's instant pretrial references to "false testimony or argument" or "forged invoices" are improper and moves to preclude the Government from making such references in front of the jury.

**IV. Motion to Preclude Defendant Bobo from Blaming Missouri DHSS**

Ms. Bobo concedes that a "blame-the-victim" defense is improper, and she has no intention of advancing any such defense in her opening statement, during her direct or cross-examination of any witness, or in her closing argument. However, the Government acknowledges that Ms. Bobo's knowledge and intent are elements of all of the offenses that the Government charges in the Indictment (ECF No. 1) (*see* United States of America's Proposed Jury Instructions at 33–34, 36, 37, 38, 40-41, ECF No. 107), and Ms. Bobo submits that her eliciting or presenting evidence, and arguing, that Missouri DHSS paid state meal reimbursement claims bolstered her reliance on other individuals'

2

representations to her that the claims were legitimate, thereby evidencing her lack of knowledge of the fraud and her lack of intent to participate in the fraud.

## V. Motion to Preclude an Advice of Counsel Defense

Ms. Bobo concurs.

## VI. Motion to Preclude Improper Character Evidence, Including Specific Instances of Uncharged, Purportedly Lawful Conduct or Good Acts

"When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b).

Here, not only opinion or reputation regarding, but also specific instances of, Ms. Bobo's good acts are definitely essential to the charge and her defense. This is because the charges in this case stemmed from allegations that she fraudulently submitted state meal reimbursement claims on behalf of her daycare business. Critically, Ms. Bobo engaged in the daycare business and the claim submission only because she has been dedicated to serving children and families in the community for almost thirty years, since she was seventeen years old.

Given that this goes directly to her knowledge and intent, which are elements of all of the offenses that the Government charges in the Indictment (ECF No. 1) (*see* United States of America's Proposed Jury Instructions at 33–34, 36, 37, 38, 40–41, ECF No. 107), certain specific instances of her prior good acts

3

should be admissible as evidence to show her state of mind, and/or to lay the foundation of opinion or reputation evidence regarding her character.

In this regard, a limiting instruction would be proper to allow evidence of specific instances of Ms. Bobo's good acts that relate to her services to the children in the community, but to prohibit evidence of other specific instances of her good character.

**VII. Motion to Preclude Defendant's Introduction of Self-Serving Hearsay**

The Government's motion to categorically exclude all of Ms. Bobo's out-of-court statements overreaches. While the defense agrees that self-serving hearsay is generally inadmissible, it is well recognized that such statements may be admissible for non-hearsay purposes such as showing state of mind or context, correcting a misleading impression created by the prosecution's selective use of a defendant's statements, etc. *See generally* Fed. R. Evid. 801.

In *United States v. Cline*, 570 F.2d 731, 734 (8th Cir. 1978), the court found that testimony as to overheard conversation between the victim and the defendant, including testimony as to a threat made by the victim, was nonhearsay and was admissible, because it was not admitted to prove the truth of anything therein, but to show that the conversation occurred, bearing on motive and the defendant's state of mind.

Furthermore, Federal Rule of Evidence 106 provides that

> . . . [I]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

Fed. R. Evid. 106.

In *United States v. Thurber*, 106 F.4th 814 (8th Cir. 2024), the Eighth Circuit held that Rule 106 "is 'designed in part to avoid misleading impressions created by taking matters out of context.'" *Id*. at 831 (quoting *United States v. Farrington*, 42 F.4th 895, 900 (8th Cir. 2022)). The court further clarified that

> [w]e have provided the parameters for when additional parts of a written or recorded statement should be admitted pursuant to the rule of completeness:
>
> "Additional parts of [a] recording [or written statement] can be admitted if they are necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) [e]nsure a fair and impartial understanding." "[T]he party urging admission has the burden to specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted."

*Id*. at 831 (quoting *Farrington*, 42 F.4th at 900). *See also United States v. Ramos-Caraballo*, 375 F.3d 797, 803 (8th Cir. 2004) (Rule 106 permits additional portions of a hearsay statement "when fairness requires their contemporaneous consideration.")

As such, this Court should deny the Government's motion to the extent it seeks a blanket prohibition. The admissibility of any statement should be decided

5

in context at trial to ensure the jury receives a fair and accurate picture of the evidence.

**VIII. Motion Under Fed. R. Evid. 1006 to Admit Summary Exhibits**

Ms. Bobo concurs.

**IX. Motion to Permit Use of Demonstrative Exhibits with Summary Witness Under Federal Rule of Evidence 107(a)**

Ms. Bobo concurs.

**X.  Motion to Admit Business and Public Records**

Ms. Bobo concurs.

**XI. Motion to Preclude Defendant Bobo from Claiming Ignorance of Law or Mistake of Law**

While Ms. Bobo recognizes the general rule that ignorance of law or mistake of law is no defense, the Government's request is overly broad and would improperly preclude relevant evidence bearing on intent and knowledge, which are elements of all of the offenses that the Government charges in the Indictment (ECF No. 1) (*see* United States of America's Proposed Jury Instructions at 33–34, 36, 37, 38, 40–41, ECF No. 107).

In *Rehaif v. United States*, 588 U.S. 225 (2019), the government also relied on the maxim that ignorance of law or mistake of law is no excuse. *Id*. at 234. The Supreme Court rejected its position, emphasizing that ignorance of law or

6

mistake of law is not categorically precluded from a defendant's defense for the following reasons:

> This maxim, however, normally applies where a defendant has the requisite mental state in respect to the elements of the crime but claims to be "unaware of the existence of a statute proscribing his conduct." 1 W. LaFave & A. Scott, *Substantive Criminal Law* § 5.1(a), p. 575 (1986). In contrast, the maxim does not normally apply where a defendant "has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct," thereby negating an element of the offense. *Ibid.; see also* Model Penal Code § 2.04, at 27 (a mistake of law is a defense if the mistake negates the "knowledge . . . required to establish a material element of the offense"). Much of the confusion surrounding the ignorance-of-the-law maxim stems from "the failure to distinguish [these] two quite different situations." LaFave, *Substantive Criminal Law* § 5.1(d), at 585.

*Rehaif*, 588 U.S. at 234.

It is precisely the case here. As such, because, and to the extent that, such evidence or testimony is relevant to the element of knowledge and intent, excluding it wholesale would risk infringing Ms. Bobo's constitutional right to present a complete defense.

If this Court is concerned about jury confusion, a limiting instruction would be a proper solution to clarify that Ms. Bobo's ignorance of law or mistake of law is not a defense, but that relevant evidence may be considered as to her state of mind at the time of the offenses.

## XII. Motion to Preclude Defendant Bobo from Commenting on Potential Penalties or Sentence

Ms. Bobo concurs.

7

## XIII. Motion to Preclude Evidence or Argument Relating to Vindictive or Selective Prosecution

Ms. Bobo concurs.

## XIV. Motion to Preclude Impermissible Argument as to Missing Witnesses

The Government's motion seeks a blanket prohibition on any "missing witness" reference, including argument as to law enforcement personnel who participated in the investigation of this case, but the Government does not intend to call as witnesses.

While the defense agrees that the instruction and argument should be used with caution, the Eighth Circuit precedent has long recognized that "[t]he purpose of a missing witness instruction is to notify the jury that the prosecution's decision not to call a witness that is peculiarly within the government's control 'may give rise to the inference that the witness would have given testimony unfavorable to the government.'" *United States v. Cole*, 380 F.3d 422, 427 (8th Cir. 2004) (quoting *United States v. Luvene*, 245 F.3d 651, 655 (8th Cir. 2001)).

Comment on a missing witness is proper when a witness is peculiarly within the government's control or when the government's failure to call the witness reasonably invites an inference of unfavorable testimony. In *United States v. Williams*, 604 F.2d 1102, 1117 (8th Cir. 1979), the court found the trial court's

8

refusal to give the jury an "absent witness" instruction did not prejudicially prohibit defendant from commenting on the government's failure to produce a certain law enforcement officer to testify, only because the government had intended to call the officer as a witness but was unable to do so due to the officer's sudden illness and hospitalization. Critically, there was no suggestion that the officer's illness was feigned or that he was deliberately not produced. *Id*. Such reasoning confirms that the defense should not be categorically prohibited from commenting on a missing witness.

Here, the defense does not intend to make improper or speculative arguments. However, if the Government identifies key participants or investigators and then declines to call them despite relying on their reports or statements, the defense should retain the right to comment on that omission where the evidence suggests the witness was uniquely aligned with or under the control of the prosecution. Such a limited comment is consistent with precedent and necessary to ensure the jury receives a fair assessment of the evidence.

### XV. Motion Under Fed. R. Crim. 16(b) to Exclude All Evidence Not Produced in Reciprocal Discovery

Ms. Bobo concurs.

### XVI. Motion to Permit the Introduction of Defendant Bobo's Email Records

Ms. Bobo concurs.

9

Date:       October 7, 2025

        Respectfully submitted,

        ***s/ Katryna Lyn Spearman***
        Katryna Lyn Spearman, Esq.
        Ga. Bar # 616038
        kspearman@lowtherwalker.com

        ***s/ Serguel Mawuko Akiti***
        Serguel Mawuko Akiti, Esq.
        D.C. Bar # 1631134
        sakiti@lowtherwalker.com

        ***s/ Murdoch Walker II***
        Murdoch Walker II, Esq.
        Ga. Bar #163417
        mwalker@lowtherwalker.com

        Lowther | Walker LLC
        101 Marietta St. NW, Ste. 3650
        Atlanta, GA 30303
        O 404.496.4052 | F 866.819.7859
        www.lowtherwalker.com

        Attorneys for Defendant
        Connie Bobo

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-00578-AGF-1 |
| | ) | |
| CONNIE BOBO | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, I electronically filed the foregoing RESPONSE TO UNITED STATES OF AMERICA'S TRIAL BRIEF AND MOTIONS *IN LIMINE* FOR PRETRIAL DETERMINATIONS OF ADMISSIBILITY with the Clerk of the United States District Court for the Eastern District of Missouri by way of the CM/ECF system, which automatically will generate a notice of electronic filing and serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:      October 7, 2025

                                                    Respectfully submitted,

***s/ Katryna Lyn Spearman***
Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com