UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CR-578-AGF |
| | ) | |
| CONNIE BOBO, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT REVISED PROPOSED JURY INSTRUCTIONS

COMES NOW the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Jonathan A. Clow and Derek J. Wiseman, Assistant United States Attorneys for said District, and the defendant Connie Bobo, by and through her counsel Katryna Spearman, jointly request the attached jury instructions be submitted to the jury.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

s/ Jonathan A. Clow
JONATHAN A. CLOW, #68003MO
DEREK J. WISEMAN, #67257MO
Assistant United States Attorneys
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
Telephone:  (314) 539-2200
Facsimile:  (314) 539-2309

/s/ Katryna Lyn Spearman
KATRYNA LYN SPEARMAN, #616038GA
Lowther Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
Telephone: 404.496.4052
Facsimile: 866.819.7859
kspearman@lowtherwalker.com
*Counsel for Defendant*

1

**1.00  PRELIMINARY INSTRUCTIONS BEFORE OPENING STATEMENTS**

INSTRUCTION NO. _____

## 0.01 INSTRUCTIONS BEFORE VOIR DIRE

Members of the Jury Panel, if you have a cell phone, smart phone, iPhone, Android device, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror in this case, you cannot talk about the case or communicate with anyone else about the case until I tell you that such discussions are allowed. You cannot even discuss the case with your fellow jurors until I tell you to begin deliberations at the end of the trial.

When I say you cannot communicate with anyone about the case in any way, this includes communications in writing, through email, via text messaging, on blogs, via comments, posts, or by accessing **any** social media websites and apps, e.g., Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor. Similarly, you cannot post your own thoughts on any aspect of the trial. The point is that you must not access or allow any app or communication of any kind to expose you to outside information or opinions about this case, or to expose others to your opinions about the case, during the trial. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. This means you will need to stay off all social media platforms for the duration of the trial. These are only

examples. The sole exception to this rule about communications will occur during deliberations, when I will direct you to discuss the case with the other jurors.

Throughout the trial, and even during deliberations, you also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, notebooks, tablets, computers or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This includes accessing sites such as Google Maps, Google Earth, Casenet, PACER, or any other internet search engines. You must also ignore any and all information about the case you might see, even accidentally, while using your phone, browsing online, or accessing online or electronic apps. This prohibition is mandatory because you must base the decisions you will make in this case solely on what you hear and see in this courtroom.

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court. While you can tell them about these sort of logistical issues, you should warn them that you cannot speak about the details of the case and they should not ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research, investigation, or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an

impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial? (And then continue with other voir dire.)

It is also important that you discharge your duties without discrimination, meaning that bias regarding the race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances of the defendant, any witnesses, or other participant(s) associated with the trial should play no part in the exercise of your judgment throughout the trial.

Because personal opinions, biases, and other beliefs, whether conscious or unconscious, favorable or unfavorable, can affect your thoughts, how you remember, what you see and hear, whom you believe or disbelieve, and how you make important decisions, the attorneys may ask you some questions related to these issues. Your answers must not only be truthful, but they must be full and complete. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases." Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

[Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?] (And then continue with other voir dire.)

I may not repeat these things to you before every recess but keep them in mind until you are discharged.

INSTRUCTION NO. _____

## 0.02 INSTRUCTIONS AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog, post on social media or engage in any other form of written, oral, or electronic communication, as I instructed you before.

Do not read anything about this case from any source, to include newspapers, Facebook, online, or via social media. Do not watch any televised account, to include online videos about this case. Do not listen to any radio program, podcasts, or other audio sources on the subject of this trial. Do not conduct any electronic research of any kind or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of all outside information of any kind. Only in this way will you be able to fulfill your duty to decide the case fairly, based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

First, this means that, during the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. Just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not access any electronic resources for information about this case, about the witnesses or parties involved, or about the legal issues raised during the case. For example, you cannot look up the meaning of an objection raised during the case. It is also improper to visit or view, including electronically, any place discussed in this case. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

Second, this means that you must not communicate about the case with anyone. This includes your family and friends, until deliberations, when you will discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else. Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or posts on social media websites and apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor).

Please note that these restrictions are intended to apply to all kinds of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might ultimately be viewed by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you must inform

me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

[Finally, a word about an even newer challenge for trials such as this one–persons, entities, and even foreign governments may seek to manipulate your opinions, or your impartiality during deliberations, using the communications I've already discussed or using fake social media accounts. But these misinformation efforts might also be undertaken through targeted advertising online or in social media. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. Please be aware of this possibility, ignore any pop-ups or ads that might be relevant to what we are doing here, and certainly do not click through to learn more if these notifications or ads appear. If this happens, you must let me know.]

Because it is so important to the parties' rights that you decide this case based solely on the evidence and my instructions on the law, at the beginning of each day, I may ask you whether you have learned about or shared any information outside of this courtroom. (I like to let the jury know in advance that I may be doing that, so you are prepared for the question.)

I hope that for all of you this case is interesting and noteworthy.

INSTRUCTION NO. _____

## 1.01 GENERAL: NATURE OF CASE; NATURE OF INDICTMENT; BURDEN OF PROOF; PRESUMPTION OF INNOCENCE; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

You must leave your cell phone, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are **not** allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the deputy clerk for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete.

This is a criminal case, brought against the defendant by the United States of America. The defendant is charged with wire fraud, aggravated identity theft, and obstruction of an official proceeding. Those charges are set forth in what is called an indictment, which I will summarize as follows:

The defendant is charged with committing the crimes of Wire Fraud, Aggravated Identity Theft, and Obstruction of Justice.  Between February 2017 and October 2023, the defendant served as the Executive Director of New Heights Community Resource Center, a non-profit organization in the St. Louis metropolitan area.  The Indictment alleges that the defendant took millions of dollars from the State of Missouri that she agreed to spend on at-risk meal programs for children, but that she instead spent on personal expenses, including properties for herself and her family members. The Indictment alleges that the defendant made material misrepresentations to the State of Missouri, including about how the defendant spent funds she received from the State and about the number of meals she served. The Indictment

10

alleges that these misrepresentations included claims that certain individuals served on New Heights' board of directors. Finally, the Indictment alleges that the defendant produced forged invoices in response to a federal grand jury subpoena.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

Eight Circuit Model Jury Instructions – Criminal 1.01

INSTRUCTION NO. _____

## 1.03 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

INSTRUCTION NO. _____

## 1.05 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Again you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determination(s) of credibility.

INSTRUCTION NO. _____

**1.06A NO TRANSCRIPT AVAILABLE—NOTETAKING**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read play back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

INSTRUCTION NO. _____

**1.07 BENCH CONFERENCES AND RECESSES**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## 1.08 CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended, and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the court security officer or the deputy clerk.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or

17

anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with some- one other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Tiktok, Instagram, YouTube, Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it. Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth,* do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

INSTRUCTION NO. _____

**1.09 OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the United States will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The United States will then present its evidence and counsel for the defendant may cross-examine. Following the United States's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the United States may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**2.00  INSTRUCTIONS FOR USE DURING TRIAL**

INSTRUCTION NO. _____

## 2.01 DUTIES OF JURY—RECESSES

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on someone else's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess but keep them in mind throughout the trial.

Eight Circuit Model Jury Instructions – Criminal 2.01

INSTRUCTION NO. _____

## 2.07 STATEMENT BY DEFENDANT

You have heard testimony that the defendant made a statement to (name of person or agency). It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

[In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.].

## 2.18 IMPEACHMENT OF WITNESS—PRIOR CONVICTION

You have heard that the witness (name) was once convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his or her testimony.

INSTRUCTION NO. _____

## 2.25 DUTIES OF JURY – AT THE CLOSE OF THE CASE

Throughout your deliberations, you can and should discuss with each other the evidence and the law that was presented in this case, but you must still not communicate with anyone else by any means about the case. You also cannot learn anything from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may still not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find electronically might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

**3.00  FINAL INSTRUCTIONS**

INSTRUCTION NO. _____

### 3.01 INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because **all** are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

### 3.02 DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. _____

### 3.03 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses and the documents and other things received as exhibits[, and the facts that have been stipulated—this is, formally agreed to by the parties].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

INSTRUCTION NO. _____

### 3.04 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

## 3.06 DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF (SINGLE DEFENDANT, MULTIPLE COUNTS)

The Indictment in this case charges the defendant with 8 different crimes. Counts 1 through 3 charge that the defendant committed the crime of wire fraud. Counts 4 through 6 charge that the defendant committed the crime of aggravated identity theft. Counts 7 through 8 charge that the defendant committed the crime of obstruction of an official proceeding. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which she is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against her.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the United States proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the United States throughout the trial. [The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

INSTRUCTION NO. _____

**6.18.1343 WIRE FRAUD (18 U.S.C. § 1343)**

The crime of wire fraud, as charged in Counts 1 through 3 of the indictment, has three

elements:

*One*, the defendant voluntarily and intentionally devised or made up a scheme to

defraud another out of money or property, which scheme is described as follows: to defraud

the Missouri Department of Health and Senior Services ("Missouri DHSS") out of state meal

reimbursement funds for Missouri's Food and Nutrition Programs for Children through her

nonprofit corporation, New Heights Community Resource Center ("New Heights");

*Two*, the defendant did so with the intent to defraud; and

*Three*, the defendant used, or caused to be used, an interstate wire communication, that

is, an e-mail, in furtherance of, or in an attempt to carry out, some essential step in the scheme,

as follows for each count:

| Count | Date | Wire Description |
|---|---|---|
| 1 | 9/20/2019 | Defendant emailed Missouri DHSS a budget, which did not disclose that Defendant would use state meal reimbursement funds to purchase a home for her sister. |
| 2 | 9/23/2019 | Defendant emailed Missouri DHSS an annual management plan, which listed fictitious New Heights board members. |
| 3 | 8/9/2021 | Defendant emailed Missouri DHSS a budget, which did not disclose that Defendant would use state meal reimbursement funds to purchase a new home for herself. |

If all of these elements have been proved beyond a reasonable doubt as to the defendant,

then you must find the defendant guilty of the crime charged under the particular count you are

considering. Otherwise, you must find the defendant not guilty of this crime under that

particular count.

Eighth Circuit Model Jury Instructions – Criminal 6.18.1343 (as modified)

INSTRUCTION NO. _____

## 6.18.1343 WIRE FRAUD (18 U.S.C. § 1343) EXPLAINED

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods. It also means the obtaining of money or property from another by means of material false representations or promises. A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A representation or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a representation or promise is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss or loss of property to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, the defendant must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

It is not necessary that the use of an e-mail by the participants themselves be contemplated or that the defendant actually sent an e-mail or specifically intended that an e-mail be sent. It is sufficient if an e-mail was in fact sent to carry out the scheme and the use of an e-mail by someone was reasonably foreseeable.

Each separate e-mail in furtherance of the scheme to defraud constitutes a separate offense.

It is not necessary that the United States prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the e-mail was itself false or fraudulent, or that the e-mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

Eighth Circuit Model Jury Instruction – Criminal 6.18.1343 (as modified)
*United States v. Rice*, 699 F.3d 1043, 1048 (8th Cir. 2012) (finding, where indictment listed multiple means used to carry out scheme to defraud, the "jury was not required to reach a unanimous decision on which means [the defendant] had used to defraud [the victim]")

INSTRUCTION NO. _____

## 6.18.1028A AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A(A)(1))

The crime of aggravated identity theft, as charged in Counts 4 through 6 of the Indictment, has five elements, which are:

*One*, the defendant knowingly used the name of another person;

*Two*, the defendant knew that the name the defendant used belonged to another person;

*Three*, the defendant used the name without lawful authority;

*Four*, the defendant knew that she used the name without lawful authority; and

*Five*, the defendant used the name during and in relation to the crime of wire fraud.

[A person commits the crime of wire fraud if she [refer to Instruction No. ___].]

The phrase "without lawful authority" means the defendant used another's name for an illegal purpose.

The phrase "during and in relation to" means the use of the name of another person was at the crux of the underlying crime of wire fraud, and not simply ancillary to the commission of the wire fraud. The name must have been used in a manner that was fraudulent or deceptive.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under the particular count you are considering. Otherwise, you must find the defendant not guilty of this crime under that particular count.

Eight Circuit Model Jury Instruction – Criminal 6.18.1028A (as modified)
*United States v. Dubin*, 599 U.S. 110 (2023)

INSTRUCTION NO. _____

**6.18.1512 EVIDENCE TAMPERING (18 U.S.C. § 1512(C)(1))**

The crime of evidence tampering, as charged in Count 7 of the Indictment, has three elements:

*One*, the defendant knowingly altered an invoice that the defendant originally received from Vaccaro & Sons Produce but then fraudulently altered by falsely including in the invoice the purchase of 300 gallons of milk;

*Two*, the defendant acted corruptly; and

*Three*, the defendant did so with the intent to impair the document's integrity or availability for use in an official proceeding.

To act "corruptly" means to act with "consciousness of wrongdoing." To find that the defendant acted corruptly, you must find that she knew she was likely to impair the document's integrity or availability for use in an official proceeding.

An "official proceeding" includes a proceeding before a judge or court of the United States or a federal grand jury.

It is not necessary for the United States to prove that the defendant knew the proceeding was a federal proceeding or prove that a proceeding was actually pending or about to be instituted. However, the United States must prove that the defendant contemplated or foresaw some particular proceeding and that this proceeding constituted an official proceeding.

It is also not necessary for the United States to prove that the document's integrity or availability was, in fact, impaired.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 7. Otherwise, you must find the defendant not guilty of the crime under that count.

Eighth Circuit Model Jury Instruction – Criminal 6.18.1512 (Witness Tampering)
Seventh Circuit Federal Jury Instructions – Criminal 18 U.S.C. §§ 1512 & 1515(a)(1) (Definition of Official Proceeding), 1512 (Definition of "Corruptly"), 1512(c)(1) (Destroy, Alter, or Conceal Document or Object – Elements)
*Arthur Anderson v. United States*, 544 U.S. 696 (2005)
*United States v. White Horse*, 35 F.4th 1119, 1122–23 (8th Cir. 2022)
*United States v. Mann*, 685 F.3d 714, 722–23 (8th Cir. 2012)

## 6.18.1512 ATTEMPTED OBSTRUCTION OF AN OFFICIAL PROCEEDING (18 U.S.C. § 1512(C)(2))

The crime of attempted obstruction of an official proceeding, as charged in Count 8 of the Indictment, has two elements:

*One*, the defendant attempted to obstruct, influence, or impede an official proceeding; and

*Two*, the defendant acted corruptly.

The crime charged in Count 8 is an attempt to obstruct an official proceeding. A person may be found guilty of an attempt if she intended to obstruct an official proceeding and voluntarily and intentionally carried out some act which was a substantial step toward that obstruction.

To act corruptly means to act with "consciousness of wrongdoing." To find that the defendant acted corruptly, you must find that she knew her actions were likely to affect an official proceeding.

An "official proceeding" includes a proceeding before a judge or court of the United States or a federal grand jury.

It is not necessary for the United States to prove that the defendant knew the proceeding was a federal proceeding or prove that a proceeding was actually pending or about to be instituted. However, the United States must prove that the defendant contemplated or foresaw some particular proceeding and that this proceeding constituted an official proceeding.

It is also not necessary for the United States to prove that the official proceeding was, in fact, obstructed.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 8. Otherwise, you must find the defendant not guilty of the crime under that count.

Eighth Circuit Model Jury Instruction – Criminal 6.18.1512 (Witness Tampering), 8.01 (Attempt)

Seventh Circuit Federal Jury Instructions – Criminal 18 U.S.C. §§ 1512 & 1515(a)(1) (Definition of Official Proceeding), 1512 (Definition of "Corruptly"), 1512(c)(2) (Otherwise Obstruct Official Proceeding – Elements)

*Arthur Anderson v. United States*, 544 U.S. 696 (2005)

*United States v. Grady*, 88 F.4th 1246, 1263 (8th Cir. 2023)

*United States v. Petruk*, 781 F.3d 438, 446–47 (8th Cir. 2015)

*United States v. Mann*, 685 F.3d 714, 722–23 (8th Cir. 2012)

## 5.01 AIDING AND ABETTING (18 U.S.C. § 2(A))

Counts 7 through 8 of the Indictment charge that the defendant aided and abetted, or was aided and abetted by others, in the commission of those offenses.

A person may also be found guilty of evidence tampering or obstruction of an official proceeding even if she personally did not do every act constituting the offense charged, if she aided and abetted the commission of the offense.

In order to have aided and abetted the commission of a crime, a person must, either before or at the time the crime was committed:

(1) have known that the offense was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the offense that the defendant was able to make the relevant choice to walk away from the offense before all elements of that offense were complete;

(3) have knowingly acted in some way for the purpose of causing or aiding the commission of the offense; and

(4) have corruptly intended to obstruct an official proceeding.

For you to find the defendant guilty of evidence tampering or obstruction of an official proceeding by reason of aiding and abetting, the United States must prove beyond a reasonable doubt that all of the elements of that offense were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

[You may infer the defendant had the requisite advance knowledge of the offense if you find the defendant failed to object or withdraw from actively participating in the commission of the offense after the defendant observed another participant complete the offense.]

[You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person

has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.]

INSTRUCTION NO. _____

### 3.14 DATE OF CRIME CHARGED

The indictment charges the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates, but is not required to prove the alleged offenses happened on that exact date.

INSTRUCTION NO. _____

## 7.05 PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## 4.11 DEMONSTRATIVE SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

INSTRUCTION NO. _____

## 4.12 RULE 1006 SUMMARIES

You will remember that certain summaries or charts were admitted in evidence. You may use those summaries or charts as evidence, even though the underlying documents and records are not here.

INSTRUCTION NO. _____

### 3.11 REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## 3.12 ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the United States has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Eighth Circuit Model Jury Instruction – Criminal 3.12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CR-578-AGF |
| | ) | |
| CONNIE BOBO, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT**

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of wire fraud, as charged in **Count 1** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of wire fraud, as charged in **Count 2** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of wire fraud, as charged in **Count 3** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of aggravated identity theft, as charged in **Count 4** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of aggravated identity theft, as charged in **Count 5** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of aggravated identity theft, as charged in **Count 6** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty]

of the crime of evidence tampering, as charged in **Count 7** of the Indictment.

We, the jury, find Defendant Connie Bobo _____ [guilty/not guilty] of the crime of attempted obstruction of an official proceeding, as charged in **Count 8** of the Indictment.


_____
Foreperson


_____
Date