# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-00578-AGF-1 |
| | ) | |
| CONNIE BOBO | ) | |

## SENTENCING MEMORANDUM

Ms. Connie Bobo, pursuant to Fed. R. Crim. P. 32, respectfully submits her position in support of a variant sentence.

## I. Statutory Penalties

This Court shall consider "the kinds of sentences available."[1]

On October 23, 2025, Ms. Bobo was found guilty of three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts One through Three), one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Six), and two counts of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(1) (Counts Seven and Eight).[2] Counts One and Two are punishable by a term of imprisonment not more than twenty years and a maximum fine of $250,000.[3] Count Six is punishable by not more than two years imprisonment and

---

[1] 18 U.S.C. § 3553(a)(3).

[2] Verdict, ECF No. 136.

[3] Presentence Investigation Report "PSR", ECF No 155.

1

a maximum fine of $250,000.[4] Counts Six and Seven are punishable by not more than twenty years imprisonment and a maximum fine of $250,000.[5]

## II.   Sentencing Guidelines

This Court "shall consider . . . the kinds of sentence[s] and sentencing range[s] established" by the sentencing guidelines.[6]

Ms. Bobo maintains her innocence and does not concur with the offense conduct in the PSR. However, should the court agree with the jury's findings, Ms. Bobo concurs that U.S. Probation correctly calculated the guidelines range, which is as follows:[7]

| | |
|---|---|
| Base Offense Level | 7 |
| Loss Amount | +20 |
| Acting on Behalf of a Charitable Organization | +2 |
| Sophisticated Means | +2 |
| 18 U.S.C. § 1040 Factors | +2 |
| Role in the Offense | +2 |
| Obstruction of Justice | +2 |
| Chapter Four Adjustment | -2 |
| Total Offense Level | 35 |
| Criminal History Score | I(0) |
| Guidelines Range | 168–210 Months |

---

[4] *Id.*

[5] *Id.*

[6] 18 U.S.C. § 3553(a)(4).

[7] PSR ¶¶ 24-41, ECF No. 155.

**III.    18 U.S.C. § 3553**

    **a.    History and Characteristics of Ms. Bobo (18 U.S.C. § 3553(a)(1))**

        **1.    Childhood**

As a young child, Ms. Bobo witnessed an incident of domestic violence between her stepfather and mother, wherein the police intervened.[8] Studies have shown that physical, emotional, and other abuse in children impairs cognition and is highly correlated with impulsive delinquent behaviors and mental illness.[9] Exposure to abuse at such a young age instilled a deep sense of fear and instability in Ms. Bobo's life.

In addition, when Ms. Bobo was nineteen years old, she suffered sexual abuse at the hands of a close family member.[10] A report published in 2016 found that more than 80% of incarcerated women had experienced violence before arrest and that incarcerated women were more likely than incarcerated men to be assaulted inside carceral institutions.[11] This exposure is associated with high rates of psychiatric disability and may increase risks for incarceration.[12]

---

[8] PSR ¶ 45, ECF No. 155.

[9] Lane Strathearn *et al.*, *Long-Term Cognitive, Psychological, and Health Outcomes Associated With Child Abuse and Neglect*, 146(4) *Pediatrics* (2020).

[10] *Id.*

[11] Elizabeth Swavola *et al.*, *Overlooked: Women and Jails in an Era of Reform*, 6–36 (2016).

[12] *Id.*

3

Ms. Bobo's trauma does not excuse her illegal behavior; however, this Court must consider how these facts impacted her ability to make sound, prosocial choices.

### 2. Physical Health

Ms. Bobo suffers from a vitamin deficiency, high blood pressure, sciatic nerve pain, and stomach pain.[13] Ms. Bobo successfully manages these conditions through medication and regular checkups with her doctor at The Health & Wellness Center in St. Louis, Missouri.[14] Ms. Bobo is concerned that placement in a non-medical facility will exacerbate her conditions, as being incarcerated is known to exacerbate existing disabilities.[15] Therefore, Ms. Bobo requests that, should she be sentenced to imprisonment, she be recommended for placement at a Federal Medical Center.

### b. Need to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

Even a variant sentence will be sufficient, but not greater than necessary, to afford adequate deterrence to criminal conduct. According to the U.S. Department of Justice, "the certainty of being caught is a vastly more powerful

---

[13] PSR ¶ 51, ECF No. 155.

[14] *Id.*

[15] Laurin Bixby *et al.*, *The Links Between Disability, Incarceration, and Social Exclusion*, 41 Health Affairs 1460 (2022).

4

deterrent than the punishment."[16] Recent research has revealed that the speed and certainty of punishment, not its severity, deters crime; there is no evidence that the deterrent effect of punishment increases as the length of imprisonment grows.[17] This is because criminals rarely understand the specific punishments associated with the crimes they commit.[18] As such, the fact that Ms. Bobo was arrested and will receive a punishment (even if that is a non-custodial sentence), which will be the most deterrent factor for future criminals, not the length of her sentence.

    c.    **Need to Protect the Public from Ms. Bobo's Future Criminal Conduct (18 U.S.C. § 3553(a)(2)(C))**

A variant sentence will be sufficient but not greater than necessary to protect the public from Ms. Bobo's future criminal conduct, in the unlikely event it should occur. Ms. Bobo is forty-six years old and has a Criminal History Score of zero.[19] There is a sharp decline in the likelihood of recidivism after age thirty-five.[20] In one Department of Justice Report, the author writes, "[a] more severe (i.e., lengthy) prison sentence for convicted individuals who are naturally aging out of crime. . . is a costly way to deter future crimes by aging individuals who

---

[16] U.S. Dep't of Justice, *Five Things About Deterrence*, Nat'l Inst. Justice (2016) (citing Robert Sampson, *et al.*, *On the Robustness and Validity of Groups*, 20(1) J. of Quantitative Criminology 37–42 (2004) and Daniel Nagin, *et al.*, Imprisonment and Reoffending, 38 Crime and Justice 115–200 (2009)).

[17] *Id.*

[18] *Id.*

[19] PSR ¶ 41, ECF No. 155.

[20] Ryan Cotter, *et al.*, *Recidivism of Federal Offenders Released in 2010*, U.S. Sent'g Comm'n (2021).

already are less likely to commit those crimes by virtue of age."[21] A term of imprisonment for Ms. Bobo would thus be a waste of resources, as she is in an age range statistically unlikely to re-offend, especially because she is a non-violent offender.[22] A variant sentence would be sufficient to protect the general public from the remote possibility that she will reoffend.

### d. Substance Abuse and Mental Health Treatment or Vocational Training (18 U.S.C. § 3553(a)(2)(D))

Ms. Bobo will participate in any self-development opportunities that this Court deems appropriate, in or out of custody.

### e. Need to Avoid Unwarranted Sentencing Disparities (18 U.S.C. § 3553(a)(6))

Ms. Bobo submits that a variance is necessary to avoid unwarranted sentencing disparities. During the last five fiscal years (FY2020-2024), there were 47 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 35 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure.[23] For the 47 defendants who

---

[21] U.S. Dep't of Justice, *Five Things About Deterrence*, Nat'l Inst. Justice (2016) (citing Robert Sampson, *et al.*, *On the Robustness and Validity of Groups*, 20(1) J. of Quantitative Criminology 37–42 (2004) and Daniel Nagin, *et al.*, Imprisonment and Reoffending, 38 Crime and Justice 115–200 (2009)).

[22] *See generally* PSR, ECF No. 155.

[23] U.S. Sent'g Comm'n, Judiciary Sentencing INformation, https://jsin.ussc.gov/analytics/saw.dll?Dashboard

6

received a sentence of imprisonment in whole or in part, the average length of imprisonment was 102 months, and the median was 99 months.[24]

### IV.   Letters in Support

Ms. Bobo anticipates supplementing this memorandum with letters in support from friends and family.

### V.   Recommended Designation

Ms. Bobo respectfully requests that, should she be sentenced to a term of imprisonment, this Court recommend that she be assigned to a federal medical center as close to her family as possible.

### VI.   Conclusion

Ms. Bobo, based on the foregoing assertions and arguments, prays that this Court issue a variant sentence and respectfully reserves the remainder of her argument for the forthcoming sentencing hearing.

---

[24] *Id.*

Date:        March 2, 2026

                        Respectfully Submitted,

                        ***<u>s/ Katryna Lyn Spearman</u>***
                        Katryna Lyn Spearman, Esq.
                        Ga. Bar # 616038
                        kspearman@lowtherwalker.com

                        Lowther | Walker LLC
                        101 Marietta St. NW, Ste. 3650
                        Atlanta, GA 30303
                        O 404.496.4052 | F 866.819.7859
                        www.lowtherwalker.com

                        Attorney for Defendant
                        Connie Bobo

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-00578-AGF-1 |
| | ) | |
| CONNIE BOBO | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I electronically filed the foregoing SENTENCING MEMORANDUM with the Clerk of the United States District Court for the Eastern District of Missouri by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:   March 2, 2026

Respectfully Submitted,

*s/ Katryna Lyn Spearman*
Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com