**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cr-00578-AGF |
| | ) | |
| CONNIE BOBO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Petitioner Joseph Hall's pro se motion (ECF Nos. 185) seeking to stay the criminal forfeiture proceedings in this action.  Petitioner Hall asserts that he is proceeding on behalf of Omni Center, which he alleges is a "501 c3 nonprofit organization" that he owns.  ECF No. 185 at 1.  Petitioner Hall asserts that Omni Center, pursuant to a contract, currently occupies two of the real estate properties that the Government seeks to have forfeited from Defendant, and that Omni Center has made several investments in the properties at issue. Petitioner Hall therefore asks the Court to stay the forfeiture proceedings and to enter an Order allowing Omni Center to continue occupying the two properties.

The Government has filed a response (ECF No. 192) in opposition to Petitioner Hall's motion.  The Government contends that the motion should be denied because the filing of a petition under  21 U.S.C. § 853(n) is the only available avenue to contest forfeiture and that Petitioner's motion to stay does not reference or seek appropriate relief under § 853(n). Alternatively, the Government argues that, if the Court were to construe Petitioner Hall's motion

as a petition under § 853(n), the Court should dismiss the petition for failure to comply with the statute, for lack of standing, and for failure to state a claim.

The Court agrees that Petitioner Hall's motion to stay is not the appropriate avenue to seek relief in the instant forfeiture proceedings.  As an initial matter, a pro se party such as Hall cannot represent the interests of a corporate or organizational entity such as Omni Center.  *See, e.g.*, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *United States v. Johnson*, No. 16-CR-0193 (WMW/BRT), 2019 WL 913161, at *4 (D. Minn. Feb. 25, 2019) (applying this rule in the context of forfeiture proceedings); *Restatement (Third) of the Law Governing Lawyers* § 4 cmt. d (2000) ("In general, . . . a person appearing pro se cannot represent any other person or entity, no matter how close the degree of kinship, ownership, or other relationship.").

Accepting Petitioner Hall's allegations as true, the party claiming an interest in the properties at issue is Omni Center, not Hall individually.  And a corporation or organization like Omni Center may not appear pro se but must appear only through a licensed attorney.  *See Stanko v. Bosselman*, 749 F. App'x 493, 494 (8th Cir. 2019) (per curiam); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel.").

Further, the Court also agrees with the Government that "[a] § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture." *United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005).  Such a petition must be

"signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  21 U.S.C. § 853(n)(3).

For all of these reasons, Petitioner Hall's motion, which purports to be on behalf of Omni Center, does not reference § 853(n), and is not signed under penalty of perjury, is deficient. However, the Court is not convinced that Omni Center would lack standing to pursue a properly filed petition under § 853(n) or that such a petition would be without merit on its face.  In light of Petitioner Hall's pro se status, the Court is disinclined to dismiss his motion without giving him a chance to substitute the correct named petitioner as Omni Center, proceeding through licensed counsel, and to amend the petition to comply with the requirements of § 853(n).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Joseph Hall shall have until **August 27, 2026** to file an amended petition under 21 U.S.C. § 853(n), through a licensed attorney, naming Omni Center as the petitioner and fully complying with 21 U.S.C. § 853(n).  Failure to comply with this Order may result in the dismissal of the Petitioner Hall's pro se motion to stay proceedings (ECF No. 185) without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Petitioner Joseph Hall at the address reflected in the record.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2026.

3