**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cr-00578-AGF |
| | ) | |
| CONNIE BOBO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

Petitioner Miah White, proceeding pro se, has filed a verified petition (ECF No. 181) for an ancillary proceeding  under 21 U.S.C. § 853(n) to determine her rights to certain real property that the Government seeks to have forfeited from Defendant.

The matter is now before the Court on the Government's motion (ECF No. 191) to dismiss Petitioner's White's petition or, in the alternative, to permit discovery.  For the reasons set forth below, the Court will grant the Government's motion and dismiss Petitioner White's petition for lack of standing and failure to state a claim.

**BACKGROUND**

On October 25, 2023, Defendant Connie Bobo was indicted on eight criminal charges, including three counts of wire fraud in violation of 18 U.S.C. § 1343.  ECF No. 2.  These charges related to Defendant's alleged scheme, beginning in February of 2017 and continuing through the date of the indictment, to defraud the Missouri Department of

Health and Senior Services ("DHSS") of millions of dollars through misrepresentations of the number of free meals she was providing through her non-profit organization.

The indictment also alleged forfeiture of certain property constituting, or derived from, any proceeds obtained directly or indirectly as a result of Defendant's offenses of wire fraud, including a property located at 12567 Natural Bridge Road, Bridgeton, MO 63044 (the "Subject Property"). *Id.*  On October 26, 2023, the Government filed a Notice of Lis Pendens, providing notice that the Government sought, through the criminal action against Defendant, forfeiture of the Subject Property and that the action affected the title to the Subject Property.  ECF No. 8.

On October 23, 2025, following a jury trial, Defendant was convicted on all three counts of wire fraud.  On March 13, 2026, the Court entered a Preliminary Order of Forfeiture against Defendant, forfeiting to the Government, among other specific property, the Subject Property, as property derived from proceeds of Defendant's offenses of conviction. ECF No. 175.  The Order directed the Government, pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), to publish notice of the forfeiture and to send notice to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture.  *Id.*  The Government contends that it began posting notice on an official internet government forfeiture website (www.forfeiture.gov) on March 28, 2026, and also sent direct notice to any person who reasonably appeared to be a potential claimant.

2

On March 26, 2026, Petitioner White filed a pro se Verified Third-Party Petition asserting her interest in the Subject Property. ECF No. 181.  White alleges that she, as leader of the organization The Worship Center STL, "has used the property as a place of worship, administration, and community engagement." *Id.* at 1.  Specifically, White claims a lawful possessory and equitable interest in the Subject Property based on a sublease between Omni Center, an organization Petitioner White believed to hold lawful leasehold rights to the premises, and The Worship Center STL.  White declares under penalty of perjury that she is the leader and authorized representative of The Worship Center STL; that her organization entered into an agreement to occupy the Subject Property; that such agreement "was in effect through April 5, 2026"; that at the time of the Preliminary Order of Forfeiture, she (White) and her organization were actively and lawfully occupying the Subject Property; that she or her organization made financial payments and operated in good faith under the belief that their occupancy was lawful; that she had no knowledge of any illegal activity associated with the property; and that she or her organization "were engaged in discussions and consideration of continuing occupancy on month-to-month basis." ECF No. 181-2.  White attaches to her petition an invoice showing payments from The Worship Center STL to Omni Center starting in March of 2026 and ending on April 5, 2026.  ECF NO. 181-3 at 1-2.  White argues that the sublease between Omni Center and The Worship Center STL made her a bona fide purchaser for value that was without cause to believe the property was subject to forfeiture under 21 U.S.C. § 853(n).

3

The Government seeks to dismiss White's petition for lack of standing and failure to state a claim.  The Government argues that neither a lease agreement nor simple possession creates a legal interest in the Subject Property under Missouri law, and that to convey an interest in land in Missouri, the person having the authority to convey the interest must do so by deed, properly acknowledged and recorded.  Thus, the Government argues that White's status as an alleged sub-lessee in the Subject Property does not create any ownership interest in the Subject Property itself and that any equitable interest created by alleged rent payments or interest akin to a general creditor that White may have do not give her standing to claim an interest in a forfeited asset under § 853(n).  Alternatively, the Government requests that if the Court does not dismiss White's petition, the Government be permitted to conduct discovery to determine the exact terms of any lease agreement claimed with respect to the Subject Property.

## DISCUSSION

### Legal Standard Governing Ancillary Proceedings Under § 853(n)

Section 853(n) specifies the procedures that third parties may use to assert their interest in property forfeited to the United States in a criminal proceeding.  21 U.S.C. § 853(n).  Any person (other than the defendant) who "assert[s] a legal interest in property which as been ordered forfeited to the United States'" may "petition the court for a hearing to adjudicate the validity of his alleged property interest.  21 U.S.C. § 853(n)(2); *see also* Fed. R. Crim. P. 32.2(c)(1) (noting a court "must conduct an ancillary

4

proceeding" when a third party "files a petition asserting an interest in the property to be forfeited").

"A § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture." *United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005). "When a third party files a petition claiming a superior interest in property subject to a criminal forfeiture order, the petition commences an ancillary proceeding that incorporates certain procedures prescribed by the Federal Rules of Civil Procedure, such as discovery and motions to dismiss or to grant summary judgment." *United States v. Mills*, 18 F.4th 573, 576 (8th Cir. 2021).

To prevail on a claim under § 853(n), a petitioner must first satisfy the pleading requirement under § 853(n)(3), which requires the petitioners to (1) sign the petition under penalty of perjury, (2) explain the nature and extent of their interest in the property, (3) discuss the time and circumstances surrounding their acquisition of that interest, (4) supply any additional facts supporting their claim, and (5) specify the relief they seek. 21 U.S.C. § 853(n)(3).

Second, the petitioner must satisfy the standing requirements of § 853(n). Standing in forfeiture cases has "both constitutional and statutory aspects." *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) (citations omitted). To establish constitutional standing, "a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property." *United States v.*

5

*White*, 675 F.3d 1073, 1078 (8th Cir. 2012).  A sufficient ownership interest can "be shown by actual possession, control, title, and financial stake." *Id.* (citations omitted). Statutory standing requires a legal interest in the forfeited property, which requires a court to "look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." *Timley*, 507 F.3d at 1129-30.

Third, the petitioner must succeed on the merits of the ancillary hearing.  A petitioner does this by showing by a preponderance of the evidence, either (1) priority of ownership at the time of the offense under § 853(n)(6)(A), or (2) that she subsequently acquired the property as a bona fide purchaser for value under § 853(n)(6)(B).  *Timley*, 507 F.3d at 1130.  The first priority-of-ownership ground "embodies the relation-back doctrine," under which "title to the forfeited property vests in the United States at the time of the defendant's criminal act." *Id.* Thus, a petitioner claiming a legal interest under this ground must demonstrate she obtained such interest "before the underlying crime was committed." *Id.*

By contrast, the second bona-fide-purchaser ground "provides that a person who acquired an interest in the forfeited property after the government's interest vested may nevertheless prevail" if they demonstrate the following three elements: "(1) the claimant has a legal interest in the forfeited property; (2) the interest was acquired as a bona fide purchaser for value; and (3) the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture." *Id.* at 1130–31 (citing 21 U.S.C. § 853(n)(6)(B)).

6

**Legal Standard Governing Motion to Dismiss Under Rule 32.2(c)(1)(A)**

Federal Rule of Criminal Procedure 32.2(c)(1)(A) states that a third-party petition asserting an interest in the property to be forfeited may be dismissed for "lack of standing, for failure to state a claim, or for any other lawful reason."  Fed. R. Civ. P. 32.2(c)(1)(A).  When ruling on a motion to dismiss, the Court applies the same standard as it would to a motion to dismiss under Federal Rule of Civil Procedure 12(b), meaning the Court assumes the facts set forth in the petition but is not required to accept legal conclusions; further, the petitioner must state enough facts to state a claim to relief that is plausible on its face.  *See United States v. Haning*, 479 F.Supp.3d 803, 805 (E.D. Mo. 2020); *see also White*, 675 F.3d at 1077.

**Standing and Merits**

The Government's motion seeks to dismiss White's petition for lack of standing and failure to state a claim.  As an initial matter, accepting White's allegations as true, the party claiming an interest in the Subject Property is The Worship Center STL, not White individually.  And a pro se party such as White cannot represent the interests of a corporate or organizational entity.  *See, e.g.*, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *United States v. Johnson*, No. 16-CR-0193 (WMW/BRT), 2019 WL 913161, at *4 (D. Minn. Feb. 25, 2019) (applying this rule in the context of forfeiture proceedings); *Restatement (Third) of the Law Governing Lawyers* § 4 cmt. d (2000) ("In general, . . . a

7

person appearing pro se cannot represent any other person or entity, no matter how close the degree of kinship, ownership, or other relationship.").   By the same token, a corporation or organization may not appear pro se and must instead appear through a licensed attorney.  *See Stanko v. Bosselman*, 749 F. App'x 493, 494 (8th Cir. 2019) (per curiam); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel.").  Thus, it appears that White's petition could be dismissed for this reason alone.

Nevertheless, even if the petition were filed by The Worship Center STL and not White individually, the petition fails to state a claim.  The Government's primary argument is that a lease or sublease is not a legal interest sufficient to grant standing in a § 853(n) proceeding.  The Court is not so convinced.  The Government seems to suggest that only an *ownership* interest in property is sufficient to grant legal standing for a § 853(n) proceeding.  However, legal interests are broader than ownership interests in property.  "[T]he term 'legal interest' encompasses only legally protected rights," and the Court must "look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest."  *Timley*, 507 F.3d 1125 at 1129-30.  It is well established that a "leasehold interest… [is] a legally protected property interest."  *Western Robidoux Printing & Lithographing Co., Inc. v. Mo. State Highway Comm'n*, 498 S.W.2d 745, 748 (Mo. 1973).  The Government has not cited and the Court has not found any authority interpreting § 853(n) in the manner it suggests, and contrary authority exists in other jurisdictions.  *E.g.*, *United States v. One Rural Lot Identified as*

8

*FINCA No. 5991 Located in Barrio Pueblo, Puerto Rico*, 726 F. Supp. 2d 61, 73 (D.P.R. 2010) ("[W]e hold that § 853(n)(6)(B) affords a remedy to innocent lessees in Puerto Rico who were unaware of the property's forfeitability at the time of contracting."); *see also United States v. Reckmeyer*, 836 F.2d 200, 208 (4th Cir. 1987) ("We conclude that in order to effectuate legislative intent the term 'bona fide purchaser for value' must be construed liberally to include all persons who give value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return.").

In any event, the Court need not resolve the issue of whether a lessee has a legal interest sufficient to grant standing in a § 853(n) proceeding.  That is because, even if innocent lessees have standing to seek relief under § 853(n), White fails to state a claim for such relief.  As noted above, to defeat the Government's motion to dismiss, White must show either a priority of ownership pursuant to § 853(n)(6)(A) or that she is a bona fide purchaser for value under § 853(n)(6)(B).  White has not plausibly alleged priority of ownership.  The crimes which the Government proved Defendant committed occurred as early as 2017.  White has not alleged that she had any leasehold interest in the Subject Property before that time.  Rather, she has only alleged and attached invoices with respect to a sublease existing in March of 2026.

Nor has White plausibly alleged that she is a bona fide purchase for value.  As previously stated, this would require her to show: (1) a legal interest in the forfeited property; (2) the interest was acquired as a bona fide purchaser for value; and (3) the

9

interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture.  *Timley*, 507 F.3d 1125, 11130-31 (citing 21 U.S.C. § 853(n)(6)(B)).  According to White's own allegations, the sublease on which she bases her claims was only in effect through April 5, 2026.  ECF No. 181-2 at 1.  She has not alleged that the sublease was renewed after that date.  Therefore, any legal interest created by the sublease expired on that date.

White also alleges that she or her organization "were engaged in discussions and consideration of continuing occupancy on a month-to-month basis."  *Id.*  However, White has not specified who engaged in these discussions (for example, White as an individual or The Worship Center STL as an organization), when these discussions took place, or what the discussions entailed.  Even if these "discussions" could constitute a legal interest in a month-to-month sublease of the Subject Property by White after April 5, 2026—which is doubtful—White had already received notice of and responded to the preliminary order of forfeiture by that date.  Therefore, White cannot plausibly allege that she was without reasonable cause to believe that the property was subject to forfeiture.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to dismiss the Petition of Miah White is **GRANTED**.  ECF No. 191.  Miah White's Verified Third-Party Petition for Ancillary Proceeding Under 21 U.S.C. § 853(n) is **DISMISSED**.

10

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this

Order on Petitioner Miah White at the address reflected in the record.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2026.