**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE BOBO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:23-cr-00578-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se motion filed by non-party Melissa Bobo "For Limited Intervention and to Seal or, Alternatively, Redact Forfeiture-Related Filings." ECF No. 234. In her motion and related affidavit, Melissa Bobo (hereinafter "Movant") identifies herself as Defendant Bobo's sister and "attorney-in-fact under a power of attorney," but clarifies that she requests this relief solely in her individual capacity. Movant requests that all current and future forfeiture related filings that identify, locate, or expose Movant or her sons be sealed, or in the alternative, that such filings be redacted to mask the "names, home, address, contact information, property-location information, financial identifiers, and other details that enable members of the public to locate, contact or target them." *Id.* Though Movant references her children, she does not identify whether the children are minors. Movant cites to approximately 26 forfeiture-related filings in the case file, and further requests that the Court temporarily restrict public remote access to the identified filings while the Court reviews them. *Id.* Movant's motion with be denied, without prejudice to refiling with more specific information.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

"Interests served by the common-law right include bolstering public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, allowing the public to keep a watchful eye on the workings of public agencies, and providing a measure of accountability to the public at large (which pays for the courts)." *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021)

"Whether the common-law presumption can be overcome is determined by balancing the interests served by the common-law right of access against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (cleaned up and citation omitted). Thus, the party seeking to keep the records under seal may overcome the presumption of public access to judicial records if he or she provides "the most compelling reasons" for doing so. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (citation omitted). Recognizing these legal principles, this Court's Local Rule 13.05 requires that proponents of sealing provide specific legal and factual reasons justifying the sealing and also file redacted documents as required under the Local Rule. E.D.Mo. L.R. 13.05.

Movant's motion is grossly overbroad. Most of the filings that Movant seeks to seal and redact do not contain any alleged disclosures of information related to her or her children. For example, ECF Nos. 158, 174-175, and 181 make no mention of Movant or her children whatsoever, at best listing only the properties to be forfeited, all of which were disclosed and discussed in open court during the trial. And ECF No. 185 relates to the pro se motion and request for stay filed by what the Court must assume is an unrelated entity, Omni Center.

Although the Court recognizes Movant's pro se status, it is not the Court's obligation to review the entirety of the forfeiture filings in the case – many of which have nothing to do with Movant – to try to find, or more accurately, guess, at what information that Movant seeks to

redact. Rather, that is the obligation of the Movant. And given the extent to which the filings are unrelated, sealing all such filings, even on a temporary basis, is extreme and lacks any justification. As such, Movant's current motion will be denied. However, Movant may refile her motion identifying the filings she believes contain confidential, private information, and further identifying the specific information she seeks to redact, and the reason why such redaction is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Pro Se Motion of Melissa Bobo For Limited Intervention and to Seal or, Alternatively, Redact Forfeiture-Related Filings is **DENIED without prejudice**. ECF No. 234.

**IT IS FURTHER ORDERED** that if Movant wishes to refile her motion, she must (i) identify the specific filing(s) she believes contain confidential and private information; (ii) as to each such filing, identify the specific identifying information she seeks to redact; and (iii) provide the reasons why that specific information should be redacted and placed under seal. Movant may file her motion under seal and may comply with (i) and (ii) by filing proposed redacted filings.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2026.